FILED

JUL 23 2013

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

1  NINA R. RINGGOLD (SBN 133735)
   LAW OFFICE OF NINA R. RINGGOLD
2  9420 Reseda Blvd. #361, Northridge, CA 91324
3  Telephone: 818.773.2409, Facsimile: 866-340-4312
4  Attorney for Debtor NAZIE AZAM

5              UNITED STATES BANKRUPTCY COURT
6
7          FOR THE CENTRAL DISTRICT OF CALIFORNIA

8
   | In re NAZIE AZAM, Debtor                        ) Case No.: 8:13-bk-14339-TA
9  |                                                  ) Chapter 13, Judge Theodor Albert
   | ————————————————————                             )
10 |                                                  ) Adversary Proceeding No.:_____
11 | U.S BANK NATIONAL                                ) (Related to 8:13-bk-01229-TA)
   | ASSOCIATION, AS TRUSTEE,                         )
12 | SUCCESSOR IN INTEREST TO                         )
13 | BANK OF AMERICA, NATIONAL                        ) NOTICE OF REMOVAL TO THE
   | ASSOCIATION AS SUCCESSOR BY                      ) UNITED STATES BANKRUPTCY
14 | MERGER TO LASALLE BANK NA                        ) COURT FOR THE CENTRAL
15 | AS TRUSTEE FOR WAMU                              ) DISTRICT (28 U.S.C. § 1441, 1443, 1452)
16 | MORTGAGE PASS-THROUGH                            ) (INCLUDING REQUEST FOR
   | CERTIFICATES SERIES 2006-AR12                    ) CERTIFICATION TO COURT OF APPEALS
17 | TRUST,                                           ) FOR NINTH CIRCUIT UNDER 28 U.S.C. § 158
18 |                                                  ) (d)(2))
19 |        Plaintiff,                                )
20 |                                                  ) State Court Case Nos. Superior
   |                                                  ) Court of the County of Orange
21 | v.                                               ) 30-2012-00545071, 30-2013-
22 |                                                  ) 00641238,  and 30-2013-00650021
23 | NAZIE AZAM,                                       )
24 |                                                  ) Attached (Exhibit 74 docket, 73 Complaint, 72
   |        Defendant.                                ) Summons, 70 answer, 6 order of substitution)
25 | ————————————————————                             )
26
27
28

1

TO THE CLERK OF COURT AND ALL PARTIES AND THEIR ATTORNEYS OF

RECORD HEREIN:

PLEASE TAKE NOTICE that defendant Nazie Azam ("Azam") hereby removes the

state court action described below to this Court pursuant to 28 U.S.C. §§ 1441, 1443, 1452.

### APPLICABLE STANDARDS

1. This action has original jurisdiction both under 28 U.S.C. §§ 1331 and 1334. The

   action may be removed under 28 U.S.C. § 1441 (a), (c), and (f) and 28 U.S.C. § 1452.

   The amount in controversy exceeds $935,000 which is the alleged value of Azam's

   property in December 2009.

2. This action also may be removed under 28. U.S.C. § 1443 which states:

   "Any of the following civil actions or criminal prosecutions, commenced in a
   State court may be removed by the defendant to the district court of the
   United States for the district and division embracing the place wherein it is
   pending:

   (1) Against any person who is denied or cannot enforce in the courts of such
   State a right under any law providing for the equal civil rights of citizens of
   the United States, or of all persons within the jurisdiction thereof;

   (2) For any act under color of authority derived from any law providing for
   equal rights, or for refusing to do any act on the ground that it would be
   inconsistent with such law."

3.     Pursuant to General Order No. 13-05 dated July 1, 2013 of the United States

District Court of the Central District pursuant to 28 U.S. C. § 157 (a), that court referred to

the bankruptcy judges for the Central District all cases under Title 11 of the United States

Code ("Title 11") and all proceedings arising under Title 11 or rising in or related to a case under Title 11.

4.    The United States Supreme Court in <u>Georgia v. Rachel</u>, 384 U.S. 780, 792 (1966) held that the phrase "any law providing for the equal rights of citizens of the United States" under the civil rights removal statute of 28 U.S.C. § 1443 means any law providing for specific civil rights stated in terms of racial equality. The Court of Appeal for the Ninth Circuit has developed a two prong standard. "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights....Second, petitioners must assert that the state courts will not enforce that right, and that allegations must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." <u>California v. Sandoval</u>, 434 F.2d 635, 636 (9th Cir. 1971); <u>Patel v. Del Taco</u>, 446 F.3d 996, 998-999 (2006).

5.    In <u>Georgia v. Rachel</u> the United States Supreme Court held that even without a formal expression of state law that removal under 28 U.S.C. § 1443 is proper when a facially neutral state law conflicts with federal statutes protecting equal racial civil rights. <u>Id.</u> at 804-805.

**THE PARTIES**

6.    Defendant Nazie Azam ("Azam") is a citizen of the State of California and of the United States. Her national origin is the country of Iran and she is of Persian descent. She is a debtor in a bankruptcy proceeding in the United States Bankruptcy Court for the Central District filed on May 16, 2013.

7.    U.S Bank National Association, As Trustee, Successor In Interest To Bank Of America, National Association As Successor By Merger To LaSalle Bank NA As Trustee For WaMu Mortgage Pass-Through Certificates Series 2006-AR12 Trust ("U.S. Bank Myth") is an entity which is affiliated with U.S. Bank National Association. U.S. Bank National Association has its principal place of business in Minneapolis, Minnesota. At all relevant times material to this complaint U.S. Bank Myth was doing business in the State of California. U.S. Bank Myth substituted in the state court action after a March 15, 2012 judgment, after an October 31, 2012 order of the United States Bankruptcy Court for the Central District granting relief of an automatic bankruptcy stay after Bank Of America, National Association As Successor By Merger To LaSalle Bank NA As Trustee For WaMu Mortgage Pass-Through Certificates Series 2006-AR12 ("BANA Myth") who falsely claimed that it was a real party in interest in an unlawful detainer action, and after the United States Bankruptcy Court for the Central District entered its November 28, 2012 order reserving jurisdiction over all issues pertaining to Section 362. (See Request for Judicial Notice "RJN"# 12-13 and Exhibit "Ex" 66) .

8.    Bank Of America, National Association As Successor By Merger To LaSalle Bank NA As Trustee For WaMu Mortgage Pass-Through Certificates Series 2006-AR12 Trust ("BANA Myth") is the plaintiff filing the state unlawful detainer action against Azam and who now concedes that it was a real party in interest with standing to bring the state unlawful detainer action against Azam.

9.    U.S. Bank Myth and BANA Myth referred to as "Myths" because these claimed securitized trusts have no relationship to the home and property of Azam or the

deed of trust that relates to her home or property. The original deed of trust dated August 7, 2006 based on a refinancing that involved Azam and concerning Azam's property was executed by Washington Mutual Bank FA ("WMBFA"). WMBFA had ceased to exist in the United States at the time of presentation of the deed of trust to Azam. (RJN #1) Subsequently a different but related company Washington Mutual Bank failed and an subject to an involuntary receivership of the FDIC. There was no assignment of the deed of trust as to Azam's property to any other entity including to JPMorgan Chase. Nevertheless as a form of discrimination and unfair debt collection JPMorgan and other banking institutions including BANA Myth and U.S. Bank Myth engaged in a series of fraudulent transactions to cover up failed efforts to securitize residential mortgages in the form of mortgage backed securities. The series of transactions are "myths" of JPMorgan Chase and its "successors" to cover up the fact that the failed bank and non-existent bank had never transferred loans into a securitized trust.

10.     Exhibits supporting this notice of removal are included in Volumes 1-7, Exhibits 1-76, and bates stamped as numbers 1-1821.

11.     The request for judicial notice supporting this notice of removal are included in Volumes 1-3, Judicial Notice Nos. 1-24, and bates stamped as numbers 1-746.

12.     The state court has been operating in excess of its subject matter jurisdiction and in violation of the November 28, 2012 order of the bankruptcy court which reserved all jurisdiction of matters pertaining to its relief of stay orders. As to proceedings in the limited division of the state court in which the unlawful detainer action was filed appeals

are only to the unlimited division of the state superior court and not to the California Court of Appeal for the Second Appellate District.

**CERTIFICATION 28 U.S.C. § 158 (d)(2)**

13.    Removal of the entire action and the procedural method for disposition in the bankruptcy court straightforward. The bankruptcy court is to take the appealed order as it finds it, prepare the record for the appeal, and forward the case to a federal appellate court for review.  See Granny Goose Foods v. Brotherhood Teamsters, Local No. 70, 415 U.S. 423, 435-436 (1974) (federal law governs the course of proceedings after removal), In the Matter of 5300 Memorial Investors, Ltd v Resolution Trust Corporation, 973 F.2d 1160 (5th Cir. 1992) (removal proper after state court of appeal decision), In re Meyerland Co., 960 F.2d 512, 520 (5th Cir. 1992)(en banc)(reversing district court remand order and holding removal proper); In re Savers Fed. Sav. & Loan Ass'n, 872 F.2d 963, 966 (11th Cir. 1989)(vacating remand and holding removal permissible), See also Federal Deposit Insurance Corporation v. Letterman Brothers, 980 F.2d 1298 (9th Cir. 1992) (the district court's adopted order must be entered on the docket as required by Federal Rules of Civil Procedure 52 and 58).  This procedure is proper given that there exists a related pending appeal in the Ninth Circuit.   (See RJN # 14-15, 18-20 briefing filed in Ninth Circuit).

14.    The exhibits filed with this notice of removal includes the entire record on appeal and all reporter's transcripts and on transfer for review Azam requests certification for direct appeal to the Ninth Circuit. Pursuant to § 158 (d)(2)(B), the bankruptcy court, district court, or bankruptcy appellate panel before which the matter is pending must certify the order for direct appeal if (1) a majority of the appellants and a majority of the

appellees request that the court make the certification order or (2) the court determines, whether on its own motion or at the request of a party, that <u>one</u> of the following criteria set forth in § 158 (d)(2)(A) exists:

(1)     The judgment, order or decree involves a question of law as to which there is no controlling decision or the court of appeals for the circuit or of the U.S. Supreme Court, or involves a matter of public importance;

(2)     The judgment, order or decree involves a question of law regarding resolution of conflicting decisions; or

(3)     An immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158 (d)(2)(A)(i)-(iii).

### Questions Of Law For Which There Is No Controlling Supreme Court Or Ninth Circuit Authority

15.     There is no controlling authority of the Supreme Court or Ninth Circuit which deals with homeowner requesting injunctive relief to obtain remedies afforded under federal consent orders and judgment or under 2.5 of the Purchase and Assumption Agreement (concerning borrower claims).  Additionally, there is no case which deals with the claims of persons harmed by the fraudulent predatory lending through the non-existent bank – WMBFA.  Homeowners do not have the same resource as investors who have the benefit of institutional resources to bring claims for their benefit. (i.e. *Deutsche Bank National Trust Company v. Federal Deposit Insurance Corporation as receiver for*

*Washington Mutual Bank, JPMorgan Chase Bank, National Association; and Washington Mutual Securities Corporation,* (District of Columbia, 09-cv-1656-RMC, Amended Complaint at Dkt No. 32). Therefore, legitimate claims for injunctive relief and implementation of section 2.5 of the Purchase and Assumption Agreement allow homeowners to obtain immediate and effective relief directly through the FDIC. This serves an important public interest and avoids irreparable harm which has been thoroughly explored by the federal government in its identification of the potentially harmed homeowners during the period 2009 to 2010. The appeal involves important questions of law where there is no direct authority on point and without injunctive relief these issues cannot be effectively presented. Review by the district court or BAP would not provide the necessary guidance needed because there would not be a resulting decision with precedential effect. Additionally, there is no published authority in this circuit which has dealt with claims including for injunctive relief brought by homeowners harmed in the securitization process or under the "purported" assignments of void deeds of trust (drafted by a nonexistent entity). There is no authority which addresses borrower claims under the Purchase and Assumption Agreement or the erroneous conduct of banks covered under federal consent orders and judgments who are "claiming" to be operating under the Purchase and Assumption Agreement. Moreover, there is no authority in this circuit concerning whether the flawed securitization and fraudulent activities of the banks violates the Fair Housing Act and the recently enacted standards with respect to discriminatory effects in housing.

8

16.    There is also no controlling or precedential authority as to the claims of Azam

and others who contend there is a constitutional vacancy of judicial office requiring

disclosure and consent to litigants in pending litigation and that section 5 of California

Senate Bill SBX2 11 is unconstitutional and requires and involuntary waiver of rights

under federal law and the United States Constitution (as described herein)

### Issues That Requires the Resolution of Conflicting Authority

17.    There exist conflicting authorities that require resolution with respect to

homeowner rights in addressing how their property rights are adversely impacted by

failed securitization and flawed recorded assignments by entities that do not have a

beneficial interest in the subject property. The Ninth Circuit district courts have come to

different conclusions when addressing a plaintiff's right to challenge the securitization

process.  None of the relevant authorities include claims under the Fair Housing Act,

concern failed securitizations and fraudulent assignments based on a non-existent banking

institution (WMBFA), or borrower claims under Section 2.5 of the Purchase and

Assumption Agreement.  See Johnson v. HSBC Bank USA, N.A., 2012 WL 928433 at *2

(S.D. Cal. March 19, 2012)(denying defendants' motion to dismiss declaratory relief based

on alleged); Vogan v. Wells Fargo Bank, N.A., 2011 WL 5826016 at *7 (E.D. Cal. Nov. 17,

2011)(allowing § 17200 claim based on assignment executed after closing of securities

pool); Armeni v. America's Wholesale Lenders, 2012 WL 603242 at *2 (C.D. Feb. 24, 2012);

Junger v. Bank of America, N.A. 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012) as

compared to Almutarreb v. Bank of New York Trust Co., NA. 2012 WL 4371410 at *2 (N.D

Sept. 24, 2012) (disagreement with Vogan and Johnson and finding that plaintiffs were

neither parties nor third party beneficiaries to the PSA and lacked standing). There is also

conflicting authorities with respect with respect to challenges to improper assignments.

See Gomes v. Countrywide Home Loans, Inc., 192 Cal.App.4th 1149 (Cal. 2011) (no

standing to challenge to nominee's authorization) vs. Naranjo v. SBMC Mortgage, 2012

WL 3030370 at * 7 (S.D. Cal. July 24, 2012). (standing sufficiently alleged where plaintiff

suffered cloud on her title and incurred damages in the form of payments defendants had

no legal right to collect). The conflicting authorities mainly arising in 2011 and 2012 do not

address the inability of homeowners to identify the entities (namely trustees of securitized

trusts) to resolve disputes because of the lack of compliance with the mortgage transfer

disclosure requirements under 12 C.F.R. § 226.39 or comparable procedure. (Cpt ¶ 46, 87-

129).

### Certification Materially Advances the Progress of the Case

18.    Certification materially advances the progress of the case because it will

conclude the issue of the standing of U.S. Bank to continue with proceedings against

Azam. It would streamline the issues of standing which is directly related to the

declaratory and equitable sought by Azam including through cancellation of the

erroneous instruments that are clouding title to her property and through correction of

service records and credit reports.

### GENERAL BACKGROUND

19.    On August 7, 2006 Azam refinanced her home and she executed a
deed of trust with Washington Mutual Bank FA. At the time she was unaware
that this bank had ceased to exist and was not an authorized federal savings
bank in the United States.

20.    Washington Mutual Bank FA never transferred Azam's mortgage into a securitized trust. The September 1, 2006 the cutoff date for the pooling and service agreement for the WaMu Mortgage Pass-Through Certificates Series 2006-AR12 with LaSalle Bank as the existing trustee passed and Azam's mortgage with the non-existent Washington Mutual Bank FA was never transferred to this trust or any other trust.  Without knowledge of the lack of authority of Washington Mutual Bank FA or the failed securitization process, Azam made substantial payments to purchase the property and to third parties who had nothing to do with a mortgage pertaining to Azam.

21.    On September 25, 2008 based on the complete failure of Washington Mutual Bank (one of the largest in United States History), the F.D.I.C. commenced to act as a receiver.

22.    On or about January 14, 2009 JP Morgan Chase improperly claiming to be a successor to a non-existent bank purported to assign to LaSalle Bank the August 7, 2006 deed of trust and beyond September 1, 2006 cutoff date for the securitized trust.  Neither the FDIC nor non-existent WMBFA had made any assignment to JP Morgan Chase.

23.    No trustee sale actually took place.  The purported trustee sale was in the amount of $935,000.  No money was exchanged and the trustee deed states there could be a "credit bid *if the Grantee was the beneficiary of said Deed of Trust* at the time of the Trustee's Sale."  The purported grantee was LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR12 Trust.  The transaction was fraudulent attempt to conceal the failed securitization and the void August 7, 2006 deed of trust.  The trustee deed of sale recorded after the date of the "purported sale" is false.

24.    On or about July 2, 2010 Azam filed a complaint against Bank of America in the Superior Court of Orange for (1) Wrongful Foreclosure, (2) Cancellation of Trustee's Deed Upon Sale (if issued), (3) Declaratory Relief, (4)

Fraud, (5) Intentional Misrepresentation, (6) Negligent Misrepresentation, (7) Rescission and Restitution, (8) Declaration of Resulting or Constructive Trust. (9) Quiet Title, (10) Breach of Contract, and (11) Accounting. Pending disposition of this action the court entered an order allowing Azam to make payments to avoid any adverse dispossession of her home. She fully complied with this order. (RJN # 2,5). On BANA Myth's demurrer filed on February 15, 2011, which is not an adjudication on the merits. It falsely claimed that it had no interest or relationship to the property when the trustee deed upon sale dated December 11, 2009 was in the name of BANA Myth. The action was then was dismissed without prejudice. (RJN # 9)

25.    On April 13, 2011 federal consent orders were entered by the United States Department of the Treasury Comptroller of Currency found that JPMorgan, Bank of America, and U.S. Bank had engaged in unsafe or unsound practices in the residential mortgage market and in the handling of foreclosure proceedings. As to Bank of America it found that it had filed affidavits and pleading with respect to ownership of mortgage notes and other information which was not based on personal knowledge. (RJN #7)

26.    In or about February 2012 Azam was notified that she was one of the homeowners identified as engaged in the foreclosure process between January 1, 2009 to December 31, 2010 and possibly entitled to some remedy and an independent foreclosure review. A substantial number of homeowners identified are racial and language minorities.

27.    On February 15, 2012 BANA Myth filed a complaint for unlawful detainer in the limited division of the Superior Court. A summons was issued in the name of "Bank Of America, National Association as successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR12 Trust". It claimed it was an owner of the property entitled to immediate possession. It claimed it had served a three day notice to quit and deliver up possession and the notice attached to the complaint claimed that it was the "new owner". (three day notice made counsel) It claimed on

information and belief that defendant was not a tenant.    The attorney
verification for the complaint was severely defective and stated BANA Myth
was unable to verify the pleading.  It stated:.

"I am one of the attorneys for the Plaintiff in this action.  The Plaintiff is
absent from the County of Orange, California, in which I have my office in that
Plaintiff's headquarters are not located in this county, *or the Plaintiff is
otherwise unable to verify this pleading as of the date set forth herein below
[February 14, 2012]*, and I make this verification for an (sic) on behalf of Plaintiff
for that reason.  I have read the foregoing Complaint for Unlawful Detainer and
am familiar with its contents.  I am informed and believe that the matters
contained within are true an on that ground allege that the matters stated are
true."
See Ex 66.

28.    At the point of filing this verified complaint U.S. Bank had already
acquired the securitized trust administration business of Bank of America on
November 15, 2010. Therefore, Bank of America as a purported trustee of a
securitized trust was "unable" to verify any pleading or commence an action
against Azam. It was prohibited by law and federal consent orders from making
the improper verification.  Homeowners like Azam had no ability to obtain
information regarding the private transfers between BANA Myth and U.S. Bank
Myth without access to discovery.  The defective verified complaint in this case
is precisely the type of verification which is the direct subject of the April 13,
2011 federal consent order. (i.e. affidavits without personal knowledge and
failure to supervise outside counsel).

29.    After filing the complaint in this action in less than thirty days, on
a motion for summary judgment based on information which was not
authenticated or based on personal knowledge a summary judgment was
obtained in the name of BANA Myth on March 15, 2012. No evidence was
presented concerning U.S. Bank Myth.

13

30.    On March 19, 2012 BANA Myth obtained a writ of possession as a judgment creditor. (Ex 63, 64)

31.    At the height of the mortgage crisis the Myth Banking entities were forcing language and racial minorities into proceedings into in the limited divisions of the state courts where there are less procedural due process rights, access to discovery, or ability to present evidence on complex transactions relating to real property and security transactions.

32.    On March 21, 2012 a case was filed in the United States District Court for the Eastern District *Law Offices of Nina Ringgold and all Current Clients Thereof v. Jerry Brown, Kamala Harris, et al* (which includes Azam) and this case in part challenges the procedures of the state court of conducting proceedings without disclosure and consent (in which there is a non-disclosed involuntary waiver of rights under the United States Constitution and federal law under Senate Bill SBX 211).

33.    April 4, 2012 Consent Judgment was entered in the case of *United States of America et al v. Bank of America Corp. et al* which is commonly referred to as the National Mortgage Settlement which is to provide relief to homeowners harmed. (RJN # 11)

34.    On June 21, 2012 The Office of the Comptroller of Currency of the Board of Governors of the Federal Reserve System published the Financial remediation framework. Defendant is entitled to remedies afforded under the federal consent order and judgment, and the financial remediation framework (including rescission of a foreclosure sale).

35.    On or about August 30, 2012 Azam filed a chapter 13 bankruptcy. As those proceedings were in progress BANA Myth filed a motion for relief from stay on October 9, 2012. These proceedings were contested. One of the primary issues was whether BANA Myth was the real party in interest with standing to pursue an unlawful detainer action against Azam. Counsel for

14

BANA Myth, the same counsel in this unlawful detainer action vehemently and falsely claimed that BANA Myth was the real party in interest. Relief of stay was granted however, the United States Bankruptcy Court expressly reserved all jurisdiction over matters pertaining to issues concerning its relief of stay order and any issue under 11 U.S.C § 362. (Ex 12 & Ex 13 "This court retains jurisdiction on all issues arising under Bankruptcy Code § 110, 329 and 362")).

36.    On October 9, 2012 Azam filed a complaint in the United States District Court including cause of action for declaratory and injunctive relief, wrongful foreclosure and cancellation of trustee deed upon sale, quiet title, violation of fair debt collection practices act, violation of the Federal Truth in Lending Act, Violation of Business and Professions Code § 17200 et seq., and other claims. (SACV12-01732 JST (MLGx)). She simultaneously filed a motion for temporary restraining order the temporary restraining order was denied and a preliminary injunction appeal was filed in the United States Court of Appeal for the Ninth Circuit on October 10, 2012. This appeal was fully briefed as of March 1, 2013 and is awaiting assignment of a date for oral argument. (Appeal No. 12-56848). (RJN # 14-15, 18-20).

37.    After Azam filed her opening brief in the Ninth Circuit on December 4, 2012, on February 4, 2013 BANA Myth filed an ex parte application in this court admitting that it was not the real party in interest. This pleading was in direct contradiction to the representations and filings made in the United States Bankruptcy Court on October 9, 2012. The ex parte application requested substitution of U. S Bank Myth. On February 5, 2013 the court denied BANA Myth's ex parte application requiring it to be heard by noticed motion. (RJN # 15, Ex 58)

38.    One day after BANA Myth's ex parte application was denied, a real estate agent for Coldwell Banker claiming to be operating under instructions of the Bank and attorneys for the Bank, without a sheriff present, broke into Azam's home, taking property, causing damage, and illegally locking Azam and her family out of their home. They yelled at the security guard,

turned off utilities (causing damage to defendant's medication which needs to be refrigerated), and took personal possessions. The order is ambiguous in that it denied Azam's ex parte application and indicates that there was a stay of the lockout and instruction to clerk's office to notify the Sheriff's Department. The Sheriff's Department was not notified. (Ex 58)

39.    On March 21, 2013 the state court granted U.S. Bank Myth motion's for substitution. (Ex 38)

40.    On March 26, 2013 U.S. Bank applied for a writ of possession and submitted a proposed writ of possession indicating that it was a "judgment creditor" under the March 15, 2012 judgment, that it was entitled to possession based on the complaint filed by BANA Myth on February 14, 2012, and that a prejudgment claim of right to possession had been served. (Ex 32, RJN #21)

41.    On March 29, 2013 this court denied Azam's Motion to vacate the March 15, 2012 Order and Judgment, for injunction and Evidentiary Hearing; and for Issuance of Order to Show Cause for Sanctions Under CCP § 128.7.   It specified that it had jurisdiction irrespective of the Bankruptcy Court's reservation of federal jurisdiction as to violations of the automatic stay. (Ex 3-5)

42.    On April 2, 2013 Azam filed an appeal from the March 21, 2013 and March 29, 2013 orders in the appellate division of the Superior Court. (Case No. 30-2013-000641553). (Ex 27)

43.    On April 9, 2013 the clerk issued the writ of possession which had been submitted by U.S. Bank Myth. (RJN # 21)

44.    U.S. Bank Myth is not an assignee of record and its motion for substitution solely claimed *post judgment and after the time to appeal had expired* that it was a real party in interest. Its motion for substitution never claimed it was an assignee of record. It merely made a disputed claim, which has never been adjudicated, that it was the real party in interest. It motion was based on

an indirect request for judicial notice of an out of state affidavit of Charles
Pedersen and James Basinger of U.S. Bank dated February 11, 2011 which pre-
dates the improperly verified complaint in this action which was filed on
February 15, 2012. The affidavit merely states there is a purchase agreement but
does not specify any transaction with Azam, with respect to Azam's home, or
the August 7, 2006 deed of trust. U.S. Bank is not a party to the March 15, 2012
judgment or named in the March 15, 2012 judgment. It not a judgment creditor
under CCP § 680.240. This provision defines a judgment creditor as follows:

"Judgment creditor" means *the person in whose favor a judgment is
rendered or, if there is an assignee of record, means the assignee of record.*
Unless the context otherwise requires, the term also includes the guardian or
conservator of the estate, personal representative, or other successor in interest
of the judgment creditor or assignee of record.

45.     Both the applications and writs of possession issued March 19,
2012 and April 9, 2012 are void on their face for BANA Myth acknowledges it is
not the real party in interest and U.S. Bank Myth is not a judgment creditor or
an assignee of record. Azam holds the grant deed to her home as a married
woman as her sole and separate property. To proceed by writ of possession in
such an irregular process and proceeding is a violation of her civil right for
racial equality under federal law and in violation of the reservation of federal
jurisdiction, federal consent orders and judgment. Additionally, it is a severe
impairment for her constitutional right of due process and to property (42 U.S.C
§ 1983 (14th Amendment, 5th Amendment)).

46.     On April 17, 2013 the state court denied the relief sought by Azam
including dismissal of the action so that the pending quiet title action (with
other claims) that already pending in the federal court may proceed. (Ex 1,2).
Azam filed an appeal from these orders. (Ex 10, 11).

17

ADDITIONAL FACTS PERTAININT TO REMOVAL BASED UNDER FEDERAL
LAW WHICH PROTECTS THE DEFENDANT'S CIVIL RIGHTS BASED ON RACIAL
EQUALITY

47.    Defendant Azam removes in part on the following federal statutes, law, consent decrees and judgment, regulation, rule or administrative or official action which protect her civil rights based on racial equality.

48.    **Violation of the Bankruptcy Stay and October 31, 2012 and November 28, 2012 Orders in Case No. 8:12-bk-20322 TA**

49.    **Borrower Rights Under Section 2.5 of the September 25, 2008 Purchase and Assumption Agreement between Federal Deposit Insurance Corporation, Receiver of Washington Mutual Bank, Henderson, Nevada, Federal Deposit Insurance Corporation and JPMorgan Chase Bank, National Association.**

a.    The Purchase and Assumption Agreement does not involve WMBFA. Section 2.5 of the agreement states:

> "Notwithstanding anything to the contrary in this Agreement, an liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to an loan or commitment to lend made by the Failed Bank prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending loan purchase activities are specifically not assumed by the Assuming Bank."

18

b. Homeowner rights and remedies are not less important that investor rights and remedies.  See *Deutsche Bank National Trust Company v. Federal Deposit Insurance Corporation as receiver for Washington Mutual Bank, JPMorgan Chase Bank, National Association; and Washington Mutual Securities Corporation*, (District of Columbia, 09-cv-1656-RMC, Amended Complaint at Dkt No. 32) (*"Deutsche Bank v. FDIC et al."*).

50.    **Violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et. seq).**

51.    **Violation of the Mortgage Transfer Disclosures (12 C.F.R. § 226.39).**

52.    **Violation of the Fair Housing Act (42 U.S.C. § 3601-3619), See Final Rule on Discriminatory Effects In Housing.  Federal Register Vol 78, No. 32 February 15, 2013, Part IV Department of Housing and Urban Development, 24 CFR Part 100, Implementation of Fair Housing Act's Discriminatory Effects Standard (Final Rule)**

53.    **Civil Rights Act of 1866, 42 U.S.C. § 1981, Thirteenth Amendment**

42 U.S.C. Section 1981 states:

a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

54.    **Civil Rights Act of 1866, 42 U.S.C. § 1982, Thirteenth Amendment**

42 U.S.C. Section 1982 states:

Property Rights of Citizens

"All citizens of the United States shall have the same right, in every State and Territory, as enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property"

55.    **Civil Rights Act of 1871 also known as the "Ku Klux Klan Act", 42 U.S.C. § 1983, Fourteenth Amendment**

42 U.S.C. Section 1983 states:

Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial

officer for an act or omission taken in such officer's judicial capacity,
injunctive relief shall not be granted unless a declaratory decree was violated
or declaratory relief was unavailable. For the purposes of this section, any Act of
Congress applicable exclusively to the District of Columbia shall be
considered to be a statute of the District of Columbia.

56.    **Civil Rights Act of 1871 also known as the "Ku Klux Klan Act",
42 U.S.C. § 1985, Fourteenth Amendment**

42 U.S.C. Section 1985 states:

Conspiracy to interfere with civil rights

(1) Preventing officer from performing duties
If two or more persons in any State or Territory conspire to
prevent, by force, intimidation, or threat, any person from accepting or
holding any office, trust, or place of confidence under the United
States, or from discharging any duties thereof; or to induce by like
means any officer of the United States to leave any State, district, or
place, where his duties as an officer are required to be performed, or
to injure him in his person or property on account of his lawful
discharge of the duties of his office, or while engaged in the lawful
discharge thereof, or to injure his property so as to molest, interrupt, hinder, or
impede him in the discharge of his official duties;

(2) Obstructing justice; intimidating party, witness, or juror
If two or more persons in any State or Territory conspire to deter,
by force, intimidation, or threat, any party or witness in any court of the United
States from attending such court, or from testifying to any
matter pending therein, freely, fully, and truthfully, or to injure such
party or witness in his person or property on account of his having so
attended or testified, or to influence the verdict, presentment, or

21

indictment of any grand or petit juror in any such court, or to injure
such juror in his person or property on account of any verdict,
presentment, or indictment lawfully assented to by him, or of his being or
having been such juror; or if two or more persons conspire for the purpose of
impeding, hindering, obstructing, or defeating, in any manner, the due
course of justice in any State or Territory, with intent to deny to any citizen
the equal protection of the laws, or to injure him or his property for lawfully
enforcing, or attempting to enforce, the right of any person, or class of
persons, to the equal protection of the laws;

(3) Depriving persons of rights or privileges
If two or more persons in any State or Territory conspire or go in disguise on the
highway or on the premises of another, for the purpose of
depriving, either directly or indirectly, any person or class of persons of the
equal protection of the laws, or of equal privileges and immunities under the
laws; or for the purpose of preventing or hindering the constituted authorities
of any State or Territory from giving or securing to all persons within such
State or Territory the equal protection of the laws; or if two or more persons
conspire to prevent by force, intimidation, or threat, any citizen who is
lawfully entitled to vote, from giving his support or advocacy in a legal
manner, toward or in favor of the election of any lawfully qualified person as
an elector for President or Vice President, or as a Member of Congress of the United
States; or to injure any citizen in person or property on account of
such support or advocacy; in any case of conspiracy set forth in this section, if
one or more persons engaged therein do, or cause to be done, any act in
furtherance of the object of such conspiracy, whereby another is injured in his
person or property, or deprived of having and exercising any right or
privilege of a citizen of the United States, the party so injured or deprived
may have an action for the recovery of damages occasioned by such injury or
deprivation, against any one or more of the conspirators.

57.    Civil Rights Act of 1871 also known as the "Ku Klux Klan Act",
42 U.S.C. § 1986, Fourteenth Amendment

42 U.S.C. Section 1986 states:

58.    Civil Rights Act of 1964 (Pub.L. 88-352, Title II §§ 201 (a), 202, 203, 42 U.S.C.
§ 2000a, 2000a-1, 2000a-2)

42 U.S.C. § 2000a, states:

Prohibition against discrimination or segregation in places of public accommodation

(a) Equal access

All persons shall be entitled to the full and equal enjoyment of the goods, services,
facilities, privileges, advantages, and accommodations of any place of public
accommodation, as defined in this section, without discrimination or segregation on the
ground of race, color, religion, or national origin...

(d) Support by State action
Discrimination or segregation by an establishment is supported by State action
within the meaning of this subchapter if such discrimination or segregation (1) is carried
on under color of any law, statute, ordinance, or regulation; or (2) is carried on under color
of any custom or usage required or enforced by officials of the State or political
subdivision thereof; or (3) is required by action of the State or political subdivision thereof.

42 U.S.C. § 2000a-1, states:

Prohibition against discrimination or segregation required by any law, statute,
ordinance, regulation, rule or order of a state or state agency

23

All persons shall be entitled to be free, at any establishment or place, from discrimination or segregation of any kind on the ground of race, color, religion, or national origin, if such discrimination or segregation is or purports to be required by any law, statute, ordinance, regulation, rule, or order of a State or any agency or political subdivision thereof.

42 U.S.C. § 2000a-2 states

Prohibition against deprivation of, interference with, and punishment for exercising rights and privileges secured by section 2000a or 2000a-1 of this title

No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive any person of any right or privilege secured by section 2000a or 2000a-1 of this title, or (b) intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege secured by section 2000a or 2000a-1 of this title, or (c) punish or attempt to punish any person for exercising or attempting to exercise any right or privilege secured by section 2000a or 2000a-1 of this title.

59.    **Civil Rights Act of 1964 (Pub.L. 88-352, Title VI § 601, 42 U.S.C. § 2000d)**

Section 601 provides that "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

60.    **18 U.S.C. 245 Federally Protected Rights**

(a)

(1)....

(2)....

24

**(b)** Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with--

**(1)** any person because he is or has been, or in order to intimidate such person or any other person or any class of persons from--

**(B)** participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States;...

**(E)** participating in or enjoying the benefits of any program or activity receiving Federal financial assistance; or

**(2)** any person because of his race, color, religion or national origin.and because he is or has been--

....

**(B)** participating in or enjoying any benefit, service, privilege, program, facility or activity provided or administered by any State or subdivision thereof; ....

**(4)** any person because he is or has been, or in order to intimidate such person or any other person or any class of persons from--

**(A)** participating, without discrimination on account of race, color, religion or national origin, in any of the benefits or activities described in subparagraphs (1)(A) through (1)(E) or subparagraphs (2)(A) through (2)(F); or

**(B)** affording another person or class of persons opportunity or protection to so participate; or

**(5)** any citizen because he is or has been, or in order to intimidate such citizen or any other citizen from lawfully aiding or encouraging other persons to participate, without discrimination on account of race, color, religion or national origin, in any of the benefits or activities described in subparagraphs (1)(A) through (1)(E) or subparagraphs

25

(2)(A) through (2)(F), or participating lawfully in speech or peaceful assembly opposing any denial of the opportunity to so participate--

shall be fined under this title, or imprisoned not more than one year, or both....

61.    **April 11, 2011 Federal Consent Orders and February 28, 2013 Amendments**

April 13, 2011 federal consent of the United States Department of the Treasury Comptroller of Currency which found that JPMorgan, Bank of America, and U.S. Bank and other banking institutions had engaged in unsafe or unsound practices in the residential mortgage market and in the handling of foreclosure proceedings.

62.    **April 4, 2012 Consent Judgment** in the case of *United States of America et al v. Bank of America Corp. et al*

63.    **June 21, 2012 The Federal Reserve System Financial Remediation Framework** Published by the Office of the Comptroller of Currency of the Board of Governors

**Defendant Is Denied Or Cannot Enforce In the State Court  Rights Under Federal Law That Protect Equal Racial Civil Rights, and Even A Facially Neutral Application of State Law, Conflicts With Federal Law**

64.    Azam sets for the applicable state law the following state law, rules, or constitutional provisions.

65.    **CCP § 396a (a)** [1]

---

[1] Sets standard of proper verified pleading in an unlawful detainer action and for dismissal when such pleading has not been filed.

66.    **Section 5 SBX2 11 and California Constitution Article VI § 17 §21[2]**

67.    **CCP § 380.240**

68.    **CCP § 473[3]**

69.    **CCP § 1176 et seq**

70.    **Civil Code § 2923.5**

**28 U.S.C. § 1443 (2)**

71.    Azam removes also under the color of authority clause and the refusal to act clause. Azam claims, in part under the Civil Rights Act of 1866, 42 U.S.C. § 1981 and § 1982 and are pursuant to congressional authority under the Thirteenth Amendment. Rights which were not encompassed by the functions of the Freemen's Bureau (but which Congress expressed to be essential rights covered under the Civil Rights Act of 1866) did

---

[2] The person conducting the proceedings in the state court never disclosed the fact that they were engaged in public employment and office in violation of California Constitution Article VI § 17 and § 21. Defendant also did not stipulate to a commissioner hearing any aspect of the state court case. Defendant does not consent to participate in the proceedings in the state court without proper disclosure and written consent as mandated by the constitution. Rooney v. Vermont Investment Corporation, 10 Cal.3d 351 (Cal. 1973). Defendant claims that section 5 of Senate Bill x211 ("SBX2 11") is unconstitutional and requires an involuntary forfeiture of rights under the United States Constitution and federal law. Defendant claims that the unconstitutional condition was created to further a discriminatory condition and the outcome is a discriminatory and has a disparate impact on racial and language minorities who need to use the court services.

[3] Used to achieve post judgment substitution when real party in interest never filed the action.

not limit removal based on a requirement of a federal officer or designee.  In the modern era the private right of action, fee shifting, attorney fee, statutes, standard that attorneys function as officers of the court, and the federal government has established consent decrees in which racial and language minorities are intended beneficiaries, supplants the conceivable function of the Freedmen's Bureau or the United States Commissioner (identified in the original 1866 statute).  Another other interpretation nullifies the power of Congress.

72.    The removal statute may be invoked when the removing defendants make a colorable claim that they are being sued for not acting pursuant to a state law which, though facially neutral, would produce or perpetuate a racially discriminatory result as applied. <u>White v. Wellington</u>, 627 F.2d 582 (2nd Cir. 1980).

**There Exists A Sufficient Basis For Prediction That Defendant Would Be Denied Or Cannot Enforce Federal Civil Rights**

73.    The proceedings in the state court demonstrate a sufficient basis for prediction that defendant would be denied or cannot enforce specifically identifiable federal civil rights.  In addition, there is a sufficient basis for prediction that defendant would be denied or cannot enforce rights under the United States Constitution and general federal law.

74.    Venue for the action is proper in this court because this court is located in the

District where the bankruptcy action is pending

Dated: July 23, 2013

Respectfully Submitted,

By: s/ Nina R. Ringgold, Esq.
Law Offices of Nina Ringgold
Attorney for Nazie Azam

29



Case Summary:

| | |
|---|---|
| Case Id: | 30-2012-00545071-CL-UD-HNB |
| Case Title: | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA VS AZAM |
| Case Type: | UNLAWFUL DETAINER - RESIDENTIAL |
| Filing Date: | 02/15/2012 |
| Category: | CIVIL - LIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | COMPLAINT FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 02/15/2012 | 02/15/2012 | | 13 pages | ☐ |
| 2 | SUMMONS ISSUED AND FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 02/15/2012 | 02/15/2012 | | 3 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 02/15/2012 | 02/15/2012 | | 2 pages | ☐ |
| 4 | PAYMENT RECEIVED BY FOR 171 - COMPLAINT OR OTHER 1ST PAPER <=$10K (UNLAWFUL DETAINER) IN THE AMOUNT OF 240.00, TRANSACTION NUMBER 11084294 AND RECEIPT NUMBER 10908186. | 02/15/2012 | | 1 pages | ☐ |
| 5 | NOTICE THAT YOU HAVE BEEN SUED OC GENERATED | 02/15/2012 | | 2 pages | ☐ |
| 6 | ANSWER TO COMPLAINT FILED BY AZAM, NAZIE ON 02/24/2012 | 02/24/2012 | | 2 pages | ☐ |
| 7 | PAYMENT RECEIVED BY FOR 173 - ANSWER OR OTHER 1ST PAPER <=$10K IN THE AMOUNT OF 225.00, TRANSACTION NUMBER 11091653 AND RECEIPT NUMBER 10915545. | 02/24/2012 | | 1 pages | ☐ |
| 8 | PROOF OF SERVICE BY MAIL FILED BY AZAM, NAZIE ON 02/24/2012 | 02/24/2012 | | 3 pages | ☐ |
| 9 | PROOF OF SERVICE OF SUMMONS FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH | 03/06/2012 | | 1 pages | ☐ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
|  | CERTIFICATES SERIES 2006-AR12 TRUST ON 03/06/2012 |  |  |  |  |
| 10 | PROOF OF SERVICE OF SUMMONS & COMPLAINT - UNNAMED OCCUPANTS FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 03/06/2012 | 03/06/2012 |  | 1 pages | ▨ |
| 11 | MOTION FOR SUMMARY JUDGMENT/ADJUDICATION FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 03/08/2012 | 03/08/2012 |  | 2 pages | ▨ |
| 12 | MEMORANDUM OF POINTS AND AUTHORITIES FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 03/08/2012 | 03/08/2012 |  | 10 pages | ▨ |
| 13 | SEPARATE STATEMENT FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 03/08/2012 | 03/08/2012 |  | 5 pages | ▨ |
| 14 | DECLARATION - OTHER FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 03/08/2012 | 03/08/2012 |  | 44 pages | ▨ |
| 15 | DECLARATION - OTHER FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 03/08/2012 | 03/08/2012 |  | 8 pages | ▨ |
| 16 | DECLARATION - OTHER FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 03/08/2012 | 03/08/2012 |  | 2 pages | ▨ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 17 | PROOF OF SERVICE FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 03/08/2012 | 03/08/2012 | | 2 pages | ☒ |
| 18 | MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION SCHEDULED FOR 03/15/2012 AT 09:30:00 AM IN LH04 AT HARBOR JUSTICE CENTER - LAGUNA HILLS. | 03/09/2012 | | *NV* | |
| 19 | PAYMENT RECEIVED BY FOR 38 - MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION IN THE AMOUNT OF 500.00, TRANSACTION NUMBER 11101409 AND RECEIPT NUMBER 10925301. | 03/09/2012 | | 1 pages | ☒ |
| 20 | MEMORANDUM OF POINTS AND AUTHORITIES (IN SUPPORT OF OPPOSITION) FILED BY AZAM, NAZIE ON 03/13/2012 | 03/13/2012 | | 45 pages | ☒ |
| 21 | DECLARATION - OTHER FILED BY AZAM, NAZIE ON 03/13/2012 | 03/13/2012 | | 2 pages | ☒ |
| 22 | PROOF OF SERVICE FILED BY AZAM, NAZIE ON 03/13/2012 | 03/13/2012 | | 3 pages | ☒ |
| 23 | OBJECTION FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 03/14/2012 | 03/14/2012 | | 3 pages | ☒ |
| 24 | REPLY - OTHER FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 03/14/2012 | 03/14/2012 | | 7 pages | ☒ |
| 25 | MINUTES FINALIZED FOR MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION 03/15/2012 09:30:00 AM. | 03/16/2012 | | 1 pages | ☒ |
| 26 | ORDER GRANTING (SUMMARY JUDGMENT) FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 03/15/2012 | 03/15/2012 | | 3 pages | ☒ |
| 27 | JUDGMENT FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 03/15/2012 | 03/15/2012 | | 2 pages | ☒ |
| 28 | COMPLAINT DISPOSED WITH DISPOSITION OF SUMMARY JUDGMENT. | 03/15/2012 | | *NV* | |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 29 | CASE DISPOSED WITH DISPOSITION OF SUMMARY JUDGMENT | 03/15/2012 | | *NV* | |
| 30 | APPLICATION FOR WRIT OF POSSESSION FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 03/19/2012 | 03/19/2012 | | 1 pages | ☒ |
| 31 | WRIT ISSUED. | 03/19/2012 | | *NV* | |
| 32 | PAYMENT RECEIVED BY FOR 141 - WRIT IN THE AMOUNT OF 25.00, TRANSACTION NUMBER 11108405 AND RECEIPT NUMBER 10932297. | 03/19/2012 | | 1 pages | ☒ |
| 33 | NOTICE OF RULING FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 03/20/2012 | 03/20/2012 | | 3 pages | ☒ |
| 34 | MOTION - OTHER (RECONSIDER OF ORDER RE: MOTION FOR SUMMARY JUDGMENT) FILED BY AZAM, NAZIE ON 04/02/2012 | 04/02/2012 | | 5 pages | ☒ |
| 35 | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 40.00, TRANSACTION NUMBER 11117000 AND RECEIPT NUMBER 10940892. | 04/03/2012 | | 1 pages | ☒ |
| 36 | DECLARATION - OTHER (SUPPORT OF MOTION TO RECONSIDERATION) FILED BY AZAM, NAZIE ON 04/03/2012 | 04/03/2012 | | 11 pages | ☒ |
| 37 | MOTION - OTHER SCHEDULED FOR 04/05/2012 AT 09:30:00 AM IN LH04 AT HARBOR JUSTICE CENTER - LAGUNA HILLS. | 04/03/2012 | | *NV* | |
| 38 | DECLARATION IN SUPPORT FILED BY AZAM, NAZIE ON 04/03/2012 | 04/03/2012 | | 12 pages | ☒ |
| 39 | MOTION - OTHER REASSIGNED TO LH02 AT HARBOR JUSTICE CENTER - LAGUNA HILLS ON 04/05/2012 AT 09:30:00 AM. | 04/03/2012 | | *NV* | |
| 40 | MOTION - OTHER SCHEDULED FOR 04/05/2012 AT 09:30:00 AM IN LH02 AT HARBOR JUSTICE CENTER - LAGUNA HILLS. | 04/03/2012 | | *NV* | |
| 41 | OPPOSITION FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 04/04/2012 | 04/04/2012 | | 8 pages | ☒ |
| 42 | MINUTES FINALIZED FOR MOTION - OTHER 04/05/2012 09:30:00 AM. | 04/10/2012 | | 1 pages | ☒ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 43 | OPPOSITION FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 04/05/2012 | 04/05/2012 | | 13 pages | ☐ |
| 44 | OPPOSITION FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 04/05/2012 | 04/05/2012 | | 7 pages | ☑ |
| 45 | EX PARTE APPLICATION - OTHER FILED BY AZAM, NAZIE ON 04/05/2012 | 04/05/2012 | | 36 pages | ☑ |
| 46 | E-FILING TRANSACTION 2197569 RECEIVED ON 02/04/2013 09:19:11 AM. | 02/04/2013 | | NV | |
| 47 | EX PARTE APPLICATION - OTHER FILED BY AZAM, NAZIE ON 02/04/2013 | 02/04/2013 | | 36 pages | ☑ |
| 48 | PROPOSED ORDER RECEIVED ON 02/04/2013. | 02/04/2013 | | 2 pages | ☑ |
| 49 | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 11308546 AND RECEIPT NUMBER 11132438. | 02/04/2013 | | 1 pages | ☑ |
| 50 | EX PARTE SCHEDULED FOR 02/05/2013 AT 09:00:00 AM IN LH04 AT HARBOR JUSTICE CENTER - LAGUNA HILLS. | 02/04/2013 | | NV | |
| 51 | MINUTES FINALIZED FOR EX PARTE 02/05/2013 09:00:00 AM. | 02/05/2013 | | 1 pages | ☑ |
| 52 | OPPOSITION (EX [ARTE APPLICATION TO SUBSTITUTE U.S. BANK AS PARTY) FILED BY AZAM, NAZIE ON 02/05/2013 | 02/05/2013 | | 11 pages | ☑ |
| 53 | DECLARATION - OTHER (IN OPPOSITION TO EX PARTE APPLICATION TO SUBSTITUTE U.S. BANK) FILED BY AZAM, NAZIE ON 02/05/2013 | 02/05/2013 | | 8 pages | ☑ |
| 54 | E-FILING TRANSACTION 150692 RECEIVED ON 02/07/2013 12:07:34 PM. | 02/07/2013 | | NV | |
| 55 | SUBSTITUTION OF ATTORNEY FILED BY AZAM, NAZIE ON 02/07/2013 | 02/07/2013 | | 2 pages | ☑ |
| 56 | E-FILING TRANSACTION 2198496 RECEIVED ON 02/04/2013 11:18:42 PM. | 02/08/2013 | | NV | |
| 57 | DECLARATION - OTHER (OPPOSITION TO EX PARTE APPLICATION) FILED BY AZAM, NAZIE ON 02/04/2013 | 02/04/2013 | | 8 pages | ☑ |
| 58 | EXHIBIT LIST FILED BY AZAM, NAZIE ON 02/04/2013 | 02/04/2013 | | 130 pages | ☑ |
| 59 | PROPOSED ORDER RECEIVED ON 02/04/2013. | 02/04/2013 | | 3 pages | ☑ |
| 60 | PAYMENT RECEIVED BY FOR 37 - STIPULATION AND ORDER IN THE AMOUNT OF 20.00, | 02/08/2013 | | 1 pages | ☑ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | TRANSACTION NUMBER 11312636 AND RECEIPT NUMBER 11136528. | | | | |
| 61 | E-FILING TRANSACTION 2202127 RECEIVED ON 02/08/2013 02:45:40 PM. | 02/08/2013 | | *NV* | |
| 62 | EX PARTE APPLICATION - OTHER FILED BY AZAM, NAZIE ON 02/08/2013 | 02/08/2013 | | 13 pages | ▨ |
| 63 | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 11312721 AND RECEIPT NUMBER 11136613. | 02/08/2013 | | 1 pages | ▨ |
| 64 | EX PARTE SCHEDULED FOR 02/11/2013 AT 09:00:00 AM IN LH04 AT HARBOR JUSTICE CENTER - LAGUNA HILLS. | 02/08/2013 | | *NV* | |
| 65 | E-FILING TRANSACTION 151817 RECEIVED ON 02/08/2013 07:50:49 PM. | 02/11/2013 | | *NV* | |
| 66 | NOTICE OF ERRATA FILED BY AZAM, NAZIE ON 02/08/2013 | 02/08/2013 | | 3 pages | ▨ |
| 67 | EX PARTE APPLICATION - OTHER (TO VACATE THE MARCH 15, 2012 ORDER AND JUDGMENT) FILED BY AZAM, NAZIE ON 02/08/2013 | 02/08/2013 | | 13 pages | ▨ |
| 68 | DECLARATION IN SUPPORT (OF EXPARTE APPLICATION) FILED BY AZAM, NAZIE ON 02/08/2013 | 02/08/2013 | | 12 pages | ▨ |
| 69 | EXHIBIT LIST FILED BY AZAM, NAZIE ON 02/08/2013 | 02/08/2013 | | 140 pages | ▨ |
| 70 | PROPOSED ORDER RECEIVED ON 02/08/2013. | 02/08/2013 | | 4 pages | ▨ |
| 71 | ORDER - OTHER (EXPARTE OF 02/05/13) FILED BY AZAM, NAZIE ON 02/08/2013 | 02/08/2013 | | 2 pages | ▨ |
| 72 | MINUTES FINALIZED FOR EX PARTE 02/11/2013 09:00:00 AM. | 02/11/2013 | | 1 pages | ▨ |
| 73 | E-FILING TRANSACTION 2205197 RECEIVED ON 02/13/2013 03:01:31 PM. | 02/14/2013 | | *NV* | |
| 74 | MOTION - OTHER (TO SUBSTITUTE PARTY) FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 02/13/2013 | 02/13/2013 | | 34 pages | ▨ |
| 75 | PROPOSED ORDER RECEIVED ON 02/13/2013. | 02/13/2013 | | 2 pages | ▨ |
| 76 | PROOF OF SERVICE (OF MOTION TO SUBSTITUTE PARTY) FILED BY AZAM, NAZIE ON 02/13/2013 | 02/13/2013 | | 2 pages | ▨ |
| 77 | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 11314717 AND RECEIPT NUMBER 11138609. | 02/14/2013 | | 1 pages | ▨ |
| 78 | | 02/14/2013 | | *NV* | |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | MOTION - OTHER SCHEDULED FOR 03/21/2013 AT 09:30:00 AM IN LH04 AT HARBOR JUSTICE CENTER - LAGUNA HILLS. | | | | |
| 79 | E-FILING TRANSACTION 153980 RECEIVED ON 02/14/2013 11:22:02 AM. | 02/14/2013 | | *NV* | |
| 80 | PROOF OF SERVICE FILED BY AZAM, NAZIE ON 02/14/2014 | 02/14/2013 | | 2 pages | ▨ |
| 81 | E-FILING TRANSACTION 164474 RECEIVED ON 03/05/2013 03:07:17 PM. | 03/05/2013 | | *NV* | |
| 82 | MOTION TO VACATE (MARCH 15, 2012 ORDER AND JUDGMENT) FILED BY AZAM, NAZIE ON 03/05/2013 | 03/05/2013 | | 13 pages | ▨ |
| 83 | DECLARATION IN SUPPORT (MOTION TO VACATE MARCH 15, 2012 ORDER AND JUDGMENT) FILED BY AZAM, NAZIE ON 03/05/2013 | 03/05/2013 | | 13 pages | ▨ |
| 84 | EXHIBIT LIST FILED BY AZAM, NAZIE ON 03/05/2013 | 03/05/2013 | | 1 pages | ▨ |
| 85 | EXHIBIT LIST FILED BY AZAM, NAZIE ON 03/05/2013 | 03/05/2013 | | 140 pages | ▨ |
| 86 | PROPOSED ORDER RECEIVED ON 03/05/2013. | 03/05/2013 | | 4 pages | ▨ |
| 87 | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 11327008 AND RECEIPT NUMBER 11150900. | 03/05/2013 | | 1 pages | ▨ |
| 88 | MOTION TO VACATE SCHEDULED FOR 03/21/2013 AT 09:30:00 AM IN LH04 AT HARBOR JUSTICE CENTER - LAGUNA HILLS. | 03/05/2013 | | *NV* | |
| 89 | E-FILING TRANSACTION 168999 RECEIVED ON 03/08/2013 11:47:25 PM. | 03/11/2013 | | *NV* | |
| 90 | OPPOSITION FILED BY AZAM, NAZIE ON 03/08/2013 | 03/08/2013 | | 11 pages | ▨ |
| 91 | DECLARATION - OTHER FILED BY AZAM, NAZIE ON 03/08/2013 | 03/08/2013 | | 12 pages | ▨ |
| 92 | EXHIBIT LIST FILED BY AZAM, NAZIE ON 03/08/2013 | 03/08/2013 | | 1 pages | ▨ |
| 93 | EXHIBIT LIST FILED BY AZAM, NAZIE ON 03/08/2013 | 03/08/2013 | | 140 pages | ▨ |
| 94 | E-FILING TRANSACTION 169002 RECEIVED ON 03/09/2013 12:37:59 AM. | 03/11/2013 | | *NV* | |
| 95 | NOTICE OF CONTINUANCE FILED BY AZAM, NAZIE ON 03/11/2013 | 03/11/2013 | | 6 pages | ▨ |
| 96 | E-FILING TRANSACTION 169003 RECEIVED ON 03/09/2013 01:58:44 PM. | 03/11/2013 | | *NV* | |
| 97 | EX PARTE APPLICATION - OTHER (FOR ORDER TO RESCHEDULE HEARING) FILED BY AZAM, NAZIE ON 03/11/2013 | 03/11/2013 | | 7 pages | ▨ |
| 98 | EXHIBIT LIST (TO DECL ON EX PARTE FOR ORDER TO RESCHEDULE HEARING) FILED BY AZAM, NAZIE ON 03/11/2013 | 03/11/2013 | | 8 pages | ▨ |
| 99 | | 03/11/2013 | | 3 pages | ▨ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | PROPOSED ORDER (ON EX PARTE APPLICATION) RECEIVED ON 03/11/2013. | | | | |
| 100 | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 11329925 AND RECEIPT NUMBER 11153817. | 03/11/2013 | | 1 pages | ☒ |
| 101 | EX PARTE SCHEDULED FOR 03/12/2013 AT 09:00:00 AM IN LH04 AT HARBOR JUSTICE CENTER - LAGUNA HILLS. | 03/11/2013 | | NV | |
| 102 | E-FILING TRANSACTION 2221223 RECEIVED ON 03/11/2013 02:28:24 PM. | 03/12/2013 | | NV | |
| 103 | OPPOSITION FILED BY U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 ON 03/11/2013 | 03/11/2013 | | 5 pages | ☒ |
| 104 | THE HONORABLE COREY S. CRAMIN RECUSED . | 03/12/2013 | | NV | |
| 105 | MINUTES FINALIZED FOR EX PARTE 03/12/2013 09:00:00 AM. | 03/12/2013 | | 1 pages | ☒ |
| 106 | MINUTES FINALIZED FOR CHAMBERS WORK 03/12/2013 08:50:00 AM. | 03/12/2013 | | 1 pages | ☒ |
| 107 | E-FILING TRANSACTION 171708 RECEIVED ON 03/13/2013 10:34:42 AM. | 03/13/2013 | | NV | |
| 108 | REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES AND RESPONSE RECEIVED ON 03/13/2013. | 03/13/2013 | | NA | |
| 109 | REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES AND RESPONSE FILED BY LAW OFFICES OF NINA R. RINGGOLD ON 03/14/2013 | 03/14/2013 | | NA | |
| 110 | E-FILING TRANSACTION 2224880 RECEIVED ON 03/15/2013 11:09:52 AM. | 03/15/2013 | | NV | |
| 111 | OPPOSITION (MOTION FOR POST JUDGMENT SUBSTITUTION) FILED BY AZAM, NAZIE ON 03/15/2013 | 03/15/2013 | | 26 pages | ☒ |
| 112 | MOTION TO VACATE SCHEDULED FOR 03/28/2013 AT 09:30:00 AM IN LH04 AT HARBOR JUSTICE CENTER - LAGUNA HILLS. | 03/15/2013 | | NV | |
| 113 | EX PARTE SCHEDULED FOR 03/15/2013 AT 01:30:00 PM IN LH01 AT HARBOR JUSTICE CENTER - LAGUNA HILLS. | 03/15/2013 | | NV | |
| 114 | | 03/15/2013 | | NV | |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | MOTION - OTHER REASSIGNED TO LH01 AT HARBOR JUSTICE CENTER - LAGUNA HILLS ON 03/21/2013 AT 01:30:00 PM. | | | | |
| 115 | MOTION - OTHER SCHEDULED FOR 03/21/2013 AT 01:30:00 PM IN LH01 AT HARBOR JUSTICE CENTER - LAGUNA HILLS. | 03/15/2013 | | NV | |
| 116 | MOTION TO VACATE REASSIGNED TO LH01 AT HARBOR JUSTICE CENTER - LAGUNA HILLS ON 03/29/2013 AT 01:30:00 PM. | 03/15/2013 | | NV | |
| 117 | MOTION TO VACATE SCHEDULED FOR 03/29/2013 AT 01:30:00 PM IN LH01 AT HARBOR JUSTICE CENTER - LAGUNA HILLS. | 03/15/2013 | | NV | |
| 118 | MOTION - OTHER CONTINUED TO 03/21/2013 AT 01:30 PM IN DEPARTMENT LH1. | 03/15/2013 | | NV | |
| 119 | MOTION TO VACATE CONTINUED TO 03/29/2013 AT 01:30 PM IN DEPARTMENT LH1. | 03/15/2013 | | NV | |
| 120 | MINUTES FINALIZED FOR EX PARTE 03/15/2013 01:30:00 PM. | 03/15/2013 | | 1 pages | 🔲 |
| 121 | E-FILING TRANSACTION 173660 RECEIVED ON 03/18/2013 12:21:31 PM. | 03/18/2013 | | NV | |
| 122 | NOTICE OF RULING FILED BY AZAM, NAZIE ON 03/18/2013 | 03/18/2013 | | 2 pages | 🔲 |
| 123 | E-FILING TRANSACTION 2226513 RECEIVED ON 03/18/2013 04:43:27 PM. | 03/19/2013 | | NV | |
| 124 | NOTICE - OTHER (JOINDER IN MOTION TO SUBSTITUTE PARTY) FILED BY U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 ON 03/18/2013 | 03/18/2013 | | 3 pages | 🔲 |
| 125 | REPLY TO OPPOSITION (TO MOTION TO SUBSTITUTE PARTY) FILED BY U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 ON 03/18/2013 | 03/18/2013 | | 5 pages | 🔲 |
| 126 | OBJECTION (DEFENDANT'S EVIDENCE SUBMITTED IN OPPOSITION TO MOTION TO SUBSTITUTE PARTY) FILED BY U.S. BANK NATIONAL ASSOCIATION, AS | 03/18/2013 | | 10 pages | 🔲 |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 ON 03/18/2013 | | | | |
| 127 | E-FILING TRANSACTION 174027 RECEIVED ON 03/18/2013 04:09:31 PM. | 03/19/2013 | | NV | |
| 128 | NOTICE - OTHER (PHYSICAL AND ELECTRONIC SIGNATURE OF OPPOSITION TO MOTION FOR POST-JUDGMENT SUBSTITUTION) FILED BY AZAM, NAZIE ON 03/18/2013 | 03/18/2013 | | 42 pages | ▨ |
| 129 | NOTICE - OTHER (PHYSICAL AND ELECTRONIC SIGNATURE OF MOTION TO VACATE) FILED BY AZAM, NAZIE ON 03/18/2013 | 03/18/2013 | | 29 pages | ▨ |
| 130 | E-FILING TRANSACTION 2227852 RECEIVED ON 03/20/2013 10:04:55 AM. | 03/20/2013 | | NV | |
| 131 | SUPPLEMENTAL (POINTS AND AUTHORIES IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE) FILED BY U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 ON 03/20/2013 | 03/20/2013 | | 6 pages | ▨ |
| 132 | E-FILING TRANSACTION 2227723 RECEIVED ON 03/20/2013 08:36:55 AM. | 03/20/2013 | | NV | |
| 133 | OBJECTION (EVIDENCE SUBMITTED IN SUPPORT OF DEFENDAN'TS MOTION TO VACATE) FILED BY U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 ON 03/20/2013 | 03/20/2013 | | 7 pages | ▨ |
| 134 | E-FILING TRANSACTION 2227738 RECEIVED ON 03/20/2013 08:46:15 AM. | 03/21/2013 | | NV | |
| 135 | REQUEST FOR JUDICIAL NOTICE FILED BY AZAM, NAZIE ON 03/20/2013 | 03/20/2013 | | 11 pages | ▨ |
| 136 | E-FILING TRANSACTION 2227717 RECEIVED ON 03/20/2013 08:28:42 AM. | 03/21/2013 | | NV | |
| 137 | OPPOSITION FILED BY AZAM, NAZIE ON 03/20/2013 | 03/20/2013 | | 10 pages | ▨ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 138 | E-FILING TRANSACTION 2227731 RECEIVED ON 03/20/2013 08:41:47 AM. | 03/21/2013 | | *NV* | |
| 139 | OPPOSITION (JOINDER IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE) FILED BY U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 ON 03/20/2013 | 03/20/2013 | | 3 pages | ☒ |
| 140 | E-FILING TRANSACTION 2229013 RECEIVED ON 03/21/2013 11:02:56 AM. | 03/21/2013 | | *NV* | |
| 141 | NOTICE - OTHER (NON-OPPOSITION TO DEFENDAN'T MOTION TO VACATE) FILED BY AZAM, NAZIE ON 03/21/2013 | 03/21/2013 | | 3 pages | ☒ |
| 142 | NOTICE - OTHER (OBJECTION TO NOTICE OF RULING) FILED BY AZAM, NAZIE ON 03/21/2013 | 03/21/2013 | | 4 pages | ☒ |
| 144 | MINUTES FINALIZED FOR MOTION - OTHER 2013-03-21 13:30:00.0. | 03/22/2013 | | 12 pages | ☒ |
| 145 | E-FILING TRANSACTION 2231384 RECEIVED ON 03/25/2013 12:46:41 AM. | 03/25/2013 | | *NV* | |
| 146 | REPLY TO OPPOSITION FILED BY AZAM, NAZIE ON 03/25/2013 | 03/25/2013 | | 22 pages | ☒ |
| 147 | DECLARATION - OTHER FILED BY AZAM, NAZIE ON 03/25/2013 | 03/25/2013 | | 24 pages | ☒ |
| 148 | DECLARATION - OTHER FILED BY AZAM, NAZIE ON 03/25/2013 | 03/25/2013 | | 3 pages | ☒ |
| 149 | REQUEST FOR JUDICIAL NOTICE FILED BY AZAM, NAZIE ON 03/25/2013 | 03/25/2013 | | 132 pages | ☒ |
| 150 | E-FILING TRANSACTION 2230490 RECEIVED ON 03/22/2013 12:19:15 PM. | 03/25/2013 | | *NV* | |
| 151 | NOTICE OF RULING FILED BY AZAM, NAZIE ON 03/22/2013 | 03/22/2013 | | 3 pages | ☒ |
| 152 | E-FILING TRANSACTION 2232130 RECEIVED ON 03/25/2013 02:51:14 PM. | 03/26/2013 | | *NV* | |
| 153 | SUPPLEMENTAL (POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO VACATE) FILED BY U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 ON 03/25/2013 | 03/25/2013 | | 3 pages | ☒ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 154 | ORDER GRANTING (MOTION TO SUBSTITUTE PARTY) FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 03/21/2013 | 03/21/2013 | | 2 pages | ☐ |
| 155 | E-FILING TRANSACTION 2233690 RECEIVED ON 03/26/2013 07:50:02 PM. | 03/26/2013 | | NV | |
| 156 | REPLY TO OPPOSITION FILED BY AZAM, NAZIE ON 03/26/2013 | 03/26/2013 | | 6 pages | ☒ |
| 157 | E-FILING TRANSACTION 2234003 RECEIVED ON 03/27/2013 10:42:36 AM. | 03/28/2013 | | NV | |
| 158 | OBJECTION FILED BY U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 ON 03/27/2013 | 03/27/2013 | | 18 pages | ☒ |
| 159 | E-FILING TRANSACTION 41834 RECEIVED ON 03/29/2013 12:26:33 AM. | 03/29/2013 | | NV | |
| 160 | REPLY TO OPPOSITION FILED BY AZAM, NAZIE ON 03/29/2013 | 03/29/2013 | | 4 pages | ☒ |
| 161 | MOTION TO VACATE REASSIGNED TO LH03 AT HARBOR JUSTICE CENTER - LAGUNA HILLS ON 03/29/2013 AT 01:30:00 PM. | 03/29/2013 | | NV | |
| 162 | MOTION TO VACATE SCHEDULED FOR 03/29/2013 AT 01:30:00 PM IN LH03 AT HARBOR JUSTICE CENTER - LAGUNA HILLS. | 03/29/2013 | | NV | |
| 163 | MINUTES FINALIZED FOR MOTION TO VACATE 03/29/2013 01:30:00 PM. | 03/29/2013 | | 1 pages | ☒ |
| 164 | E-FILING TRANSACTION 42141 RECEIVED ON 04/01/2013 04:58:01 PM. | 04/02/2013 | | NV | |
| 165 | NOTICE OF RULING FILED BY AZAM, NAZIE ON 04/02/2013 | 04/02/2013 | | 3 pages | ☒ |
| 166 | E-FILING TRANSACTION 43367 RECEIVED ON 04/02/2013 10:14:52 PM. | 04/03/2013 | | NV | |
| 167 | NOTICE OF APPEAL - LIMITED CIVIL FILED | 04/02/2013 | | 5 pages | ☒ |
| 168 | PAYMENT RECEIVED BY FOR 191 - APPEAL - LIMITED CASES WHERE AMOUNT DEMANDED <= $10K IN THE AMOUNT OF 225.00, TRANSACTION NUMBER 11343696 AND RECEIPT NUMBER 11167588. | 04/03/2013 | | 1 pages | ☒ |
| 169 | E-FILING TRANSACTION 43369 RECEIVED ON 04/02/2013 10:21:45 PM. | 04/03/2013 | | NV | |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 170 | DESIGNATION OF RECORD ON APPEAL FILED BY AZAM, NAZIE ON 04/02/2013 | 04/02/2013 | | 9 pages | ▨ |
| 171 | NOTICE - OTHER (FILING NOTICE OF APPEAL) FILED BY THE SUPERIOR COURT OF ORANGE ON 04/03/2013 | 04/03/2013 | | 1 pages | ▨ |
| 172 | E-FILING TRANSACTION 44877 RECEIVED ON 04/04/2013 03:07:59 PM. | 04/04/2013 | | NV | |
| 173 | EX PARTE APPLICATION - OTHER FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST; BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 04/04/2013 | 04/04/2013 | | 11 pages | ▨ |
| 174 | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 11345219 AND RECEIPT NUMBER 11169111. | 04/04/2013 | | 1 pages | ▨ |
| 175 | EX PARTE SCHEDULED FOR 04/05/2013 AT 01:30:00 PM IN LH03 AT HARBOR JUSTICE CENTER - LAGUNA HILLS. | 04/04/2013 | | NV | |
| 176 | E-FILING TRANSACTION 181914 RECEIVED ON 04/04/2013 11:56:47 PM. | 04/05/2013 | | NV | |
| 177 | NOTICE OF MOTION (EX PARTE APPILCATION FOR STAY) FILED BY AZAM, NAZIE; AZAM, NAZIE ON 04/04/2013 | 04/04/2013 | | 10 pages | ▨ |
| 178 | NOTICE OF ASSIGNMENT OF CASE NUMBER (APPEAL) | 04/04/2013 | | 1 pages | ▨ |
| 179 | E-FILING TRANSACTION 181576 RECEIVED ON 04/04/2013 02:46:18 PM. | 04/05/2013 | | NV | |
| 180 | OPPOSITION FILED BY AZAM, NAZIE; BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 04/04/2013 | 04/04/2013 | | 12 pages | ▨ |
| 181 | E-FILING TRANSACTION 33496 RECEIVED ON 04/08/2013 02:44:48 PM. | 04/08/2013 | | NV | |
| 182 | NOTICE OF RULING FILED BY AZAM, NAZIE; BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH | 04/08/2013 | | 3 pages | ▨ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | CERTIFICATES SERIES 2006-AR12 TRUST ON 04/08/2013 | | | | |
| 183 | MINUTES FINALIZED FOR EX PARTE 04/05/2013 01:30:00 PM. | 04/09/2013 | | 1 pages | |
| 184 | E-FILING TRANSACTION 2233597 RECEIVED ON 03/26/2013 04:51:31 PM. | 04/09/2013 | | NV | |
| 185 | APPLICATION FOR WRIT OF POSSESSION FILED BY AZAM, NAZIE ON 03/26/2013 | 03/26/2013 | | 1 pages | |
| 186 | WRIT RECEIVED ON 03/26/2013. | 03/26/2013 | | 3 pages | |
| 187 | PAYMENT RECEIVED BY FOR 141 - WRIT IN THE AMOUNT OF 25.00, TRANSACTION NUMBER 11347510 AND RECEIPT NUMBER 11171402. | 04/09/2013 | | 1 pages | |
| 188 | WRIT ISSUED | 04/09/2013 | | NV | |
| 189 | E-FILING TRANSACTION 2236362 RECEIVED ON 04/09/2013 03:54:36 PM. | 04/10/2013 | | NV | |
| 190 | APPEAL - OTHER (WAIVER OF DEPOSIT FOR REPORTER TRANSCRIPTS) FILED BY AZAM, NAZIE; AZAM, NAZIE ON 04/09/2013 | 04/09/2013 | | 4 pages | |
| 191 | E-FILING TRANSACTION 183920 RECEIVED ON 04/09/2013 04:11:17 PM. | 04/10/2013 | | NV | |
| 192 | DESIGNATION OF RECORD ON APPEAL (RESPONDENT) FILED BY U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE. SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS- THROUGH CERTIFICATES SERIES 2006 AR ON 04/09/2013 | 04/09/2013 | | 3 pages | |
| 193 | SERVICE COPY - MINUTE ORDER DATED 4/5/2013 FROM THE APPELLATE DIVISION | 04/09/2013 | | 3 pages | |
| 194 | MINUTE ORDER DATED 03/29/2013 CORRECTED NUNC PRO TUNC. | 04/10/2013 | | NV | |
| 195 | MINUTES FINALIZED FOR NUNC PRO TUNC MINUTES 04/10/2013 04:54:00 PM. | 04/10/2013 | | 1 pages | |
| 196 | NOTICE - OTHER (TO REPORTER RE: TRANSCRIPTS) FILED BY THE SUPERIOR COURT OF ORANGE ON 04/11/2013 | 04/11/2013 | | 2 pages | |
| 197 | PAYMENT RECEIVED BY FOR 44 - COPY OF ANY RECORD (PER SIDE) IN THE AMOUNT OF 3.50, TRANSACTION NUMBER 11349291 AND RECEIPT NUMBER 11173183. | 04/11/2013 | | 1 pages | |
| 198 | PAYMENT RECEIVED BY FOR 44 - COPY OF ANY RECORD (PER SIDE) IN THE AMOUNT OF 1.00, | 04/11/2013 | | 1 pages | |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | TRANSACTION NUMBER 11349397 AND RECEIPT NUMBER 11173289. | | | | |
| 199 | SERVICE COPY - MINUTE ORDER DATED 4/9/2013 FROM THE APPELLATE DIVISION | 04/11/2013 | | 3 pages | ☑ |
| 200 | NOTICE - OTHER (RE: FEE PREPARATION OF CLERK'S TRANSCRIPTS) FILED BY THE SUPERIOR COURT OF ORANGE ON 04/12/2013 | 04/12/2013 | | 2 pages | ☑ |
| 201 | E-FILING TRANSACTION 184806 RECEIVED ON 04/16/2013 12:14:37 PM. | 04/16/2013 | | NV | |
| 202 | EX PARTE APPLICATION - OTHER (FOR STAY AND TO RECALL WRIT OF POSSESSION) FILED BY AZAM, NAZIE; AZAM, NAZIE ON 04/16/2013 | 04/16/2013 | | 21 pages | ☑ |
| 203 | DECLARATION IN SUPPORT (OF EX PARTE APPLICATION) FILED BY AZAM, NAZIE; AZAM, NAZIE ON 04/16/2013 | 04/16/2013 | | 13 pages | ☑ |
| 204 | DECLARATION IN SUPPORT (OF EX PARTE APPLICATION) FILED BY AZAM, NAZIE; AZAM, NAZIE ON 04/16/2013 | 04/16/2013 | | 4 pages | ☑ |
| 205 | NOTICE OF LODGING FILED BY AZAM, NAZIE; AZAM, NAZIE ON 04/16/2013 | 04/16/2013 | | 24 pages | ☑ |
| 206 | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 11351760 AND RECEIPT NUMBER 11175652. | 04/16/2013 | | 1 pages | ☑ |
| 207 | EX PARTE SCHEDULED FOR 04/17/2013 AT 01:30:00 PM IN LH01 AT HARBOR JUSTICE CENTER - LAGUNA HILLS. | 04/16/2013 | | NV | |
| 208 | E-FILING TRANSACTION 36812 RECEIVED ON 04/17/2013 10:15:05 AM. | 04/17/2013 | | NV | |
| 209 | OPPOSITION (TO EX PARTE) FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 04/17/2013 | 04/17/2013 | | 11 pages | ☑ |
| 210 | MINUTES FINALIZED FOR EX PARTE 04/17/2013 01:30:00 PM. | 04/17/2013 | | 2 pages | ☑ |
| 211 | PAYMENT RECEIVED BY FOR 44 - COPY OF ANY RECORD (PER SIDE) IN THE AMOUNT OF 1.00, TRANSACTION NUMBER 11354409 AND RECEIPT NUMBER 11178301. | 04/19/2013 | | 1 pages | ☑ |
| 212 | E-FILING TRANSACTION 185379 RECEIVED ON 04/18/2013 08:46:31 AM. | 04/24/2013 | | NV | |
| 213 | NOTICE OF RULING FILED BY AZAM, NAZIE; BANK OF AMERICA, NATIONAL ASSOCIATION AS | 04/18/2013 | | 3 pages | ☑ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 04/18/2013 | | | | |
| 214 | E-FILING TRANSACTION 413281 RECEIVED ON 04/22/2013 10:19:10 PM. | 04/30/2013 | | *NV* | |
| 215 | NOTICE - OTHER (NOTICE OF SUBMISSION OF PROPOSED ORDER) FILED BY AZAM, NAZIE; AZAM, NAZIE ON 04/22/2013 | 04/22/2013 | | 5 pages | ☐ |
| 216 | PROPOSED ORDER RECEIVED ON 04/22/2013. | 04/22/2013 | | 5 pages | ☒ |
| 217 | NOTICE OF REMOVAL TO FEDERAL COURT FILED BY AZAM, NAZIE; AZAM, NAZIE ON 04/22/2013 | 04/22/2013 | | 83 pages | ☒ |
| 218 | NOTICE - OTHER (DEFAULT ON APPEAL) FILED BY THE SUPERIOR COURT OF ORANGE ON 05/01/2013 | 05/01/2013 | | 2 pages | ☐ |
| 219 | SERVICE COPY - CIVIL MINUTES - GENERAL DATED 4/30/2013 FROM THE U.S. DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA | 05/02/2013 | | 8 pages | ☐ |
| 220 | FAX COMFIRMATION | 05/07/2013 | | 4 pages | ☒ |
| 221 | NOTICE - OTHER (DEFAULT ON APPEAL (CORRECTED NOTICE)) FILED BY THE SUPERIOR COURT OF ORANGE ON 05/09/2013 | 05/09/2013 | | 2 pages | ☐ |
| 222 | SERVICE COPY - PETITION FOR WRIT OF SUPERSEDEAS | 05/07/2013 | | 33 pages | ☒ |
| 223 | SERVICE COPY - APPLICATION FOR IMMEDIATE STAY | 05/07/2013 | | 3 pages | ☐ |
| 224 | SERVICE COPY - DECLARATION OF NAZIE AZAM IN SUPPORT | 05/07/2013 | | 57 pages | ☒ |
| 225 | REQUEST TO WAIVE COURT FEES FILED BY AZAM, NAZIE ON 05/09/2013 | 05/09/2013 | | *NA* | |
| 226 | REQUEST TO WAIVE ADDITIONAL COURT FEES (SUPERIOR COURT) FILED BY AZAM, NAZIE ON 05/09/2013 | 05/09/2013 | | *NA* | |
| 227 | AZAM, NAZIE REQUEST TO WAIVE COURT FEES GRANTED IN WHOLE ON 05/13/2013. | 05/13/2013 | | *NV* | |
| 228 | ORDER ON COURT FEE WAIVER (SUPERIOR COURT) FILED BY THE SUPERIOR COURT OF ORANGE ON 05/13/2013 | 05/13/2013 | | 2 pages | ☒ |
| 229 | CLERK'S CERTIFICATE OF SERVICE BY MAIL (OUT OF PROCESS) GENERATED | 05/13/2013 | | 1 pages | ☒ |
| 230 | E-FILING TRANSACTION 2242814 RECEIVED ON 05/14/2013 09:00:30 AM. | 05/14/2013 | | *NV* | |
| 231 | EX PARTE APPLICATION - OTHER (TO VACATE STAY PENDING APPEAL; MEMO OF P&AS; DECL. IN SUPPORT) FILED BY U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE. SUCCESSOR IN | 05/14/2013 | | 15 pages | ☒ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS- THROUGH CERTIFICATES SERIES 2006 AR ON 05/14/2013 | | | | |
| 232 | DECLARATION RE: EX-PARTE NOTICE FILED BY U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE. SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS- THROUGH CERTIFICATES SERIES 2006 AR ON 05/14/2013 | 05/14/2013 | | 5 pages | ☒ |
| 233 | PROPOSED ORDER RECEIVED ON 05/14/2013. | 05/14/2013 | | 2 pages | ☒ |
| 234 | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 11369821 AND RECEIPT NUMBER 11193713. | 05/14/2013 | | 1 pages | ☒ |
| 235 | EX PARTE SCHEDULED FOR 05/15/2013 AT 09:00:00 AM IN LH03 AT HARBOR JUSTICE CENTER - LAGUNA HILLS. | 05/14/2013 | | NV | |
| 236 | E-FILING TRANSACTION 192740 RECEIVED ON 05/14/2013 11:19:29 AM. | 05/14/2013 | | NV | |
| 237 | REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES AND RESPONSE RECEIVED ON 05/14/2013. | 05/14/2013 | | NA | |
| 238 | E-FILING TRANSACTION 192861 RECEIVED ON 05/14/2013 03:00:20 PM. | 05/14/2013 | | NV | |
| 239 | EX PARTE APPLICATION - OTHER (TO DISMISS AND/OR TRANSFER FOR LACK OF JURISDICTION; RECALL WRITS OF POSSESSION; AND OPPOSITION TO PLAINTIFF'S EX PARTE TO VACATE STAY PENDING APPEAL) FILED BY AZAM, NAZIE; AZAM, NAZIE ON 05/14/2013 | 05/14/2013 | | 17 pages | ☒ |
| 240 | DECLARATION IN SUPPORT (OF EX PARTE APPLICATION) FILED BY AZAM, NAZIE; AZAM, NAZIE ON 05/14/2013 | 05/14/2013 | | 3 pages | ☒ |
| 241 | EX PARTE SCHEDULED FOR 05/15/2013 AT 09:00:00 AM IN LH03 AT HARBOR JUSTICE CENTER - LAGUNA HILLS. | 05/14/2013 | | NV | |
| 242 | REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES AND RESPONSE FILED BY LAW OFFICES OF NINA R. RINGGOLD ON 05/14/2013 | 05/14/2013 | | NA | |
| 243 | | 05/15/2013 | | NV | |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | E-FILING TRANSACTION 315928 RECEIVED ON 05/15/2013 05:59:39 AM. | | | | |
| 244 | EX PARTE APPLICATION - OTHER (DISMISS AND/OR TRANSFER FOR LACK OF SUBJECT MATTER JURISDICTION AND TO RECALL MARCH 19, 2012 AND APRIL 9, 2013 WRITS OF POSSESSION; AND OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO VACATE STAY PENDING APPEAL) FILED BY AZAM, NAZIE; AZAM, NAZIE ON 05/15/2013 | 05/15/2013 | | 36 pages | ☑ |
| 245 | PROOF OF SERVICE (CORRECTED) FILED BY AZAM, NAZIE; AZAM, NAZIE ON 05/15/2013 | 05/15/2013 | | 4 pages | ☑ |
| 246 | EX PARTE REASSIGNED TO LH01 AT HARBOR JUSTICE CENTER - LAGUNA HILLS ON 05/15/2013 AT 09:00:00 AM. | 05/15/2013 | | NV | |
| 247 | EX PARTE SCHEDULED FOR 05/15/2013 AT 09:00:00 AM IN LH01 AT HARBOR JUSTICE CENTER - LAGUNA HILLS. | 05/15/2013 | | NV | |
| 248 | EX PARTE REASSIGNED TO LH01 AT HARBOR JUSTICE CENTER - LAGUNA HILLS ON 05/15/2013 AT 09:00:00 AM. | 05/15/2013 | | NV | |
| 249 | EX PARTE SCHEDULED FOR 05/15/2013 AT 09:00:00 AM IN LH01 AT HARBOR JUSTICE CENTER - LAGUNA HILLS. | 05/15/2013 | | NV | |
| 250 | EX PARTE CONTINUED TO 05/15/2013 AT 09:00 AM IN DEPARTMENT LH01. | 05/15/2013 | | NV | |
| 251 | EX PARTE CONTINUED TO 05/15/2013 AT 09:00 AM IN DEPARTMENT LH01. | 05/15/2013 | | NV | |
| 252 | MINUTES FINALIZED FOR MULTIPLE EVENTS 05/15/2013 09:00:00 AM. | 05/15/2013 | | 1 pages | ☑ |
| 253 | MINUTES FINALIZED FOR MULTIPLE EVENTS 05/15/2013 09:00:00 AM. | 05/15/2013 | | 3 pages | ☑ |
| 254 | E-FILING TRANSACTION 316171 RECEIVED ON 05/15/2013 11:35:54 AM. | 05/15/2013 | | NV | |
| 255 | NOTICE OF APPEAL - LIMITED CIVIL FILED | 05/15/2013 | | 4 pages | ☑ |
| 256 | NOTICE - OTHER (FILING NOTICE OF APPEAL) FILED BY THE SUPERIOR COURT OF ORANGE ON 05/15/2013 | 05/15/2013 | | 1 pages | ☑ |
| 257 | ORDER - OTHER (EX PARTE ORDER VACATING STAY) FILED BY U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE. SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE | 05/15/2013 | | 2 pages | ☑ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | PASS- THROUGH CERTIFICATES SERIES 2006 AR ON 05/15/2013 | | | | |
| 258 | E-FILING TRANSACTION 2243502 RECEIVED ON 05/15/2013 02:38:40 PM. | 05/16/2013 | | *NV* | |
| 259 | NOTICE OF RULING FILED BY AZAM, NAZIE ON 05/15/2013 | 05/15/2013 | | 3 pages | ▣ |
| 260 | SERVICE COPY - MINUTE ORDER DATED 5/10/2013 FROM THE APPELLATE DIVISION. | 05/13/2013 | | 3 pages | ▣ |
| 261 | E-FILING TRANSACTION 318575 RECEIVED ON 05/19/2013 02:33:07 PM. | 05/20/2013 | | *NV* | |
| 262 | DESIGNATION OF RECORD ON APPEAL FILED BY AZAM, NAZIE; AZAM, NAZIE ON 05/20/2013 | 05/20/2013 | | 22 pages | ▣ |
| 263 | ASSIGNMENT OF CASE NUMBER - APPEAL | 05/16/2013 | | 1 pages | ▣ |
| 265 | SERVICE COPY - MINUTE ORDER DATED 5/29/2013 FROM THE APPELLATE DIVISION | 06/03/2013 | | 3 pages | ▣ |
| 266 | WRIT OF POSSESSION - UNSATISFIED FILED BY BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST ON 06/03/2013 | 06/03/2013 | | 4 pages | ▣ |
| 267 | RECEIPT FOR RECORDS AND PAPERS | 06/27/2013 | | 1 pages | ▣ |
| 268 | CASE TRANSFERRED FROM HARBOR JUSTICE CENTER - LAGUNA HILLS TO HARBOR JUSTICE CENTER - NEWPORT BEACH, EFFECTIVE 07/01/2013. | 06/30/2013 | | *NV* | |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| BANK OF AMERICA, NATIONAL ASSOCIATION | PLAINTIFF | | 02/15/2012 | |
| U.S. BANK NATIONAL ASSOCIATION, , SUCC | PLAINTIFF | | 03/12/2013 | |
| NAZIE AZAM | APPELLANT | | 04/03/2013 | |
| LAW OFFICE OF FRANK BARILLA | ATTORNEY | | 02/24/2012 | |
| LAW OFFICES OF NINA R. RINGGOLD | ATTORNEY | | 02/07/2013 | |
| U.S. BANK NATIONAL ASSOCIATION, , SUCC | RESPONDENT ON APPEAL | | 04/03/2013 | |
| U.S. BANK NATIONAL ASSOCIATION, , SUCC | REAL PARTY IN INTEREST (RPII) | | 04/02/2013 | |
| RUZICKA & WALLACE, LLP | ATTORNEY | | 02/15/2012 | |
| NAZIE AZAM | DEFENDANT | | 02/15/2012 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|

Print this page



**EXHIBIT 73**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE JUSTICE CENTER

2012 FEB 15 PM 1:42

ALAN CARLSON, CLERK OF THE COURT

BY_____ DEPUTY

1  Dess Richardson, Esq. (State Bar Number 269540)
   Richard Sontag, Esq., (State Bar Number 108652)
2  RUZICKA & WALLACE, LLP
   16520 Bake Parkway, Suite 280
3  Irvine, CA 92618
   Telephone: (949) 759-1080
4  Facsimile: (949) 759-6813

5  Attorneys for Plaintiff, **BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY
   MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH
6  CERTIFICATES SERIES 2006-AR12 TRUST**

7

8              SUPERIOR COURT OF CALIFORNIA
                                              30-2012
9      COUNTY OF ORANGE, LAGUNA HILLS FACILITY -LIMITED CIVIL

10 BANK   OF   AMERICA,   NATIONAL ) Case No.: **0 0 5 4 5 0 7 1**
   ASSOCIATION   AS   SUCCESSOR   BY )
11 MERGER   TO   LASALLE   BANK   NA   AS ) **LIMITED CIVIL CASE**
   TRUSTEE   FOR   WAMU   MORTGAGE   PASS- )
12 THROUGH   CERTIFICATES   SERIES   2006- ) **COMPLAINT FOR UNLAWFUL DETAINER**
   AR12 TRUST,                          )
13                                      ) **AMOUNT DEMANDED DOES NOT
                Plaintiff,              ) EXCEED $10,000**
14                                      )
   vs.                                  ) (Foreclosure)
15                                      )
   NAZIE AZAM; and DOES 1 to 20, inclusive, ) Action based on Code of Civil Procedure
16                                      ) Section 1161a
                Defendants.             )
17                                      )
                                        )
18 _____)

19    Plaintiff alleges:

20    1.    This court is the proper court for this action because:

21    a.    Each Defendant resides and/or conducts business in the area served by this Court;

22    b.    The real property which is the subject of this action, **18 DORCHESTER GREEN ,**

23 **LAGUNA NIGUEL, CA 92677** (hereinafter, the "Property"), is located in the area served by this

24 Court; and

25    c.    The amount of damages claimed in this action does not exceed $10,000.00.

26    2.    Plaintiff is informed and believes and thereon alleges that the Defendant(s), and

27 each of them, are, and at all times herein mentioned, were residents of the County of ORANGE,

28

                                        1

1    State of California, and reside within the jurisdictional boundaries of this Court.

2        3.    The true names and capacities of Does 1 through 20, inclusive, are presently
3    unknown to Plaintiff, who therefore sues such Defendant(s) under such fictitious names pursuant
4    to Section 474 of the Code of Civil Procedure. Plaintiff is informed and believes, and on such
5    information and belief, alleges that each such "Doe" Defendant is in possession of the Property,
6    without the permission or consent of Plaintiff, and Plaintiff will amend this complaint to state the
7    true names and capacities of said Defendant(s) when the same have been ascertained.

8        4.    Plaintiff is informed and believes, and thereon alleges that the Defendant(s) and
9    each of them, are, and at all times mentioned herein were, the agent, servant and employee of
10    each of the other Defendant(s), and in doing the things herein alleged, were acting within the
11    course and scope of said agency and employment.

12        5.    Plaintiff is the owner of and entitled to immediate possession of the Property.

13        6.    The Property was sold in accordance with Section 2924 of the Civil Code, under
14    power of sale contained in a deed of trust executed by the Defendant(s) herein, and title under
15    the sale has been duly perfected in Plaintiff by the recording of a Trustee's Deed Upon Sale in
16    the Official Records, County of ORANGE.

17        7.    On February 8, 2012, Defendant(s), and each of them, were served with a three-
18    day written notice to quit and deliver up possession of the Property to Plaintiff ("Notice"). The
19    Notice was served in accordance with Code of Civil Procedure section 1162. True and correct
20    copies of the Notice and Proof of Service thereof are attached to this complaint collectively as
21    Exhibit "A" and incorporated herein by this reference.

22        8.    More than three (3) days have elapsed since the service of the Notice, but
23    Defendant(s), and each of them, have failed and refused to deliver up possession of the Property
24    to Plaintiff.

25        9.    Defendant(s), and each of them, remain in possession of the Property without
26    Plaintiff's permission or consent.

27        10.    On information and belief, Defendant(s) are not tenants or subtenants.

28        11.    The reasonable rental value of the use and occupancy of the Property is not less

1 | than $50.00 per day. Damages to Plaintiff caused by Defendant(s)' unlawful detention of the

2 | Property have accrued since February 14, 2012 and will continue to accrue so long as

3 | Defendant(s) remain in possession of the Property.

4 |  WHEREFORE, Plaintiff prays for judgment against Defendant(s) as follows:

5 |  1.  For restitution of the Property;

6 |  2.  For damages in an amount to be determined at trial but not less than $50.00 per

7 | day from February 14, 2012 for each day that Defendant(s) continue in possession of the

8 | Property through the date of entry of judgment;

9 |  3.  For costs of suit incurred herein; and

10 |  4.  For such other and further relief as the Court deems just and proper.

11 |  RUZICKA & WALLACE, LLP
A California limited liability partnership

12 |

13 | DATED: February 14, 2012

14 |  By: DESS RICHARDSON, ESQ.
Attorneys for Plaintiff, **BANK OF AMERICA,**

15 |  **NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE**

16 |  **FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST**

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**3**

COMPLAINT FOR UNLAWFUL DETAINER

**VERIFICATION**

I am one of the attorneys for the Plaintiff in this action. The Plaintiff is absent from the County of Orange, California, in which I have my office in that Plaintiff's headquarters are not located in this county, or the Plaintiff is otherwise unable to verify this pleading as of the date set forth herein below, and I make this verification for an on behalf of Plaintiff for that reason. I have read the foregoing Complaint for Unlawful Detainer and am familiar with its contents. I am informed and believe that the matters contained within it are true and on that ground allege that the matters stated are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 14, 2012 at Irvine, California.

RUZICKA & WALLACE, LLP
A California limited liability partnership

By: DESS RICHARDSON, ESQ.
Attorneys for Plaintiff, **BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST**

4

# EXHIBIT A

Notice to Any Renters Living At

## 18 DORCHESTER GREEN, LAGUNA NIGUEL, CA, 92677

The attached notice means that your home was recently sold in foreclosure and the new owner plans to evict you.

You should talk to a lawyer NOW to see what your rights are. You may receive court papers in a few days. If your name is on the papers it may hurt your credit if you do not respond and simply move out.

Also, if you do not respond within five days of receiving the papers, even if you are not named in the papers, you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should ask a lawyer about it.

You may have the right to stay in your home for 90 days or longer, regardless of any deadlines stated on any attached papers. In some cases and in some cities with a "just cause for eviction law," you may not have to move at all. But you must take the proper legal steps in order to protect your rights.

How to Get Legal Help

If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

This cover sheet is being provided in accordance with California Code of Civil Procedure §1161c.

# NOTICE TO VACATE

TO:        NAZIE AZAM, and all tenants, subtenants, and others in possession

ADDRESS:   18 DORCHESTER GREEN
           LAGUNA NIGUEL, CA 92677

The above-referenced real property ("Property") was sold at a foreclosure sale in accordance with section 2924 of the California Civil Code under a power of sale contained in a deed of trust securing said Property, and title under the sale has been duly perfected. The new owner seeks to recover possession of the Property in good faith to market and sell the Property.

Within **three (3) days** after service of this notice, you are hereby required to vacate and deliver possession of the Property now held and occupied by you to the undersigned unless you are a tenant or subtenant.

If you are a tenant or subtenant, then you must vacate the Property within **ninety (90) days** after service of this notice _unless_ you are tenant who entered into a bona fide lease prior to the notice of foreclosure in which case you must vacate the Property at the end of the remaining current term set forth in the bona fide lease, or ninety (90) days after service of this notice, whichever occurs later.

Under the federal Protecting Tenants at Foreclosure Act of 2009, a lease is considered bona fide only if _all_ of the following conditions exist: (1) you are not the mortgagor or the child, spouse, or parent of the mortgagor; (2) your lease was the result of an arms-length transaction, and (3) the lease requires the receipt of rent that is (i) not substantially less than fair market rent for the Property, or (ii) the unit's rent is reduced or subsidized due to a federal, state or local subsidy. The date of a notice of foreclosure is deemed to be the date on which complete title to a property is transferred to a successor entity or person as a result of an order of a court or pursuant to provisions in a mortgage, deed of trust, or security deed.

If you claim to be a tenant or subtenant, within three days after service of this notice, please notify the undersigned in writing of your tenancy and provide the undersigned with the following information: (a) a copy of your lease or rental agreement, or if you do not have a written lease or rental agreement, please provide a written explanation of the terms of the agreement under which you occupy the Property, including without limitation, the date you entered into the agreement, the names of all parties who entered into the agreement, the term of the agreement, the amount of monthly rent, the utilities paid by the landlord (if any), the amount of your security deposit (if any), and whether you receive assistance under the U.S. Department of Housing and Urban Development's (HUD) Section 8 Housing Program; (b) proof of your last rental payment and any security deposit; (c) a list of any conditions at the Property that require repair and (d) whether you are the child, spouse, or parent of the mortgagor.

If you are a tenant who rented the Property before the foreclosure sale, you have a right to request that the new owner or its authorized agent make an initial inspection of the Property to determine its condition before you vacate, and you have the right to be present during the inspection.  The purpose of the inspection is to allow you an opportunity to remedy identified deficiencies or damage to the Property, if any, caused by you.  If you wish to have such an inspection, please contact the undersigned as soon as possible.  If you request an inspection, you will be given 48 hours advance notice of the inspection, but you may waive in writing the required 48 hours notice and have the inspection done sooner.

This notice constitutes a notice to quit pursuant to California Code of Civil Procedure sections 1161a and 1161b. This notice also constitutes a notice of termination of tenancy/non-renewal of lease or rental agreement as to any tenancies that survived the foreclosure sale.

## IMPORTANT NOTICE FOR SERVICEMEMBERS AND THEIR DEPENDENTS

If you are or recently were on active duty or active service, you may be eligible for benefits and protections under the federal Servicemembers Civil Relief Act (SCRA). This includes protection from foreclosure or eviction. You also may be eligible for benefits and protections under state law. SCRA and state military benefits and protections also may be available if you are the dependent of an eligible servicemember.

Eligible service may include:

- Active duty with the Army, Navy, Air Force, Marine Corps, or Coast Guard

- Active service with the National Guard

- Active service as a commissioned officer of the National Oceanic and Atmospheric Administration

- Active service as a commissioned officer of the Public Health Service

- Service with the forces of a nation with which the United States is allied in a war or military action

- Service with the National Guard or a state militia under a state call to duty; or

- Any period when you are absent from duty because of sickness, wounds, leave, or other lawful cause.

///

///

Page 2

For more information on SCRA, please call Dess Richardson, Esq. at (949) 748-3619.

RUZICKA & WALLACE, LLP
A California limited liability partnership

DATED: February 7, 2012

_____
By: Dess Richardson, Esq.
Attorneys for the new owner: BANK OF
AMERICA, NATIONAL ASSOCIATION AS
SUCCESSOR BY MERGER TO LASALLE
BANK NA AS TRUSTEE FOR WAMU
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2006-AR12 TRUST

16520 Bake Parkway, Suite 280
Irvine, CA 92618
Telephone: (949) 748-3619
Facsimile: (949) 759-6813

**CALIFORNIA PENAL CODE SECTION 594** reads as follows: "Every person who maliciously injures or destroys any real or personal property not his/her own, in cases otherwise than such as are specified in this Code, is guilty of a misdemeanor."

## PROOF OF SERVICE

CLIENT: **R&W**

**INV #: 57607**   CLIENT INV #1: 120755

PLAINTIFF: BANK OF AMERICA

PERSON(S) SERVED: **NAZIE AZAM**
             **AND ALL OTHERS IN POSSESSION**

ADDRESS:
**18 DORCHESTER GREEN**
**LAGUNA NIGUEL CA 92677**

DOCUMENT(S) SERVED:
**3/90 DAY NOTICE TO VACATE With Cover Sheet**

I, the undersigned, being at least 18 years of age, declare, under penalty of perjury, (under the laws of the State of California) that I served a copy of the above document(s) in the manner indicated below.

DATE: 2/8/12

TIME: 4:13 pm

### CONSTRUCTIVE SERVICE - POST AND MAIL

On the date and time specified above, I posted a copy of the document(s) for each named occupant(s) in a conspicuous place there being no person of suitabe age and discretion to be found at any of the named occupant(s) known place of residence or business.

I do not know any other place of business/residence of any occupant(s) named.

### SERVICE OF MAIL

On the date specified above, I caused a copy of the document(s) to be mailed to each of the named via First Class, United States Mail, postage prepaid, in a sealed envelope to the address listed above.

---

DATE: 2/9/12      JLS

FEE: $55.00

PATTI WEBER

California Registered Process Server; County of ORANGE
Registration # 2119

JENSEN LEGAL SERVICES, INC. 505 N. Tustin Ave., Suite 248 Santa Ana, CA
92705 714 541 2225

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form within 10 days of the date of service shown on this form, you will be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. If you file this form, your claim will be determined in the eviction action against the persons named in the Complaint.
3. If you do not file this form, you will be evicted without further hearing.

| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY FOR *(Name)*:

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA, ORANGE COUNTY
STREET ADDRESS: 23141 MOULTON PKWY., 2ND FLOOR
MAILING ADDRESS:
CITY AND ZIP CODE: LAGUNA HILLS, CA 92653-1206
BRANCH NAME: LAGUNA HILLS FACILITY -LIMITED CIVIL

PLAINTIFF: BANK OF AMERICA(SEE ATTACHMENT)

DEFENDANT: NAZIE AZAM; and DOES 1 to 20, inclusive

| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | CASE NUMBER: |
|---|---|

| Complete this form only if ALL of these statements are true:<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the premises on or before the date the unlawful detainer (eviction) Complaint was filed.<br>3. You still occupy the premises. | *(To be completed by the process server)*<br>DATE OF SERVICE:<br><br>*(Date that this form is served or delivered, and posted, and mailed by the officer or process server)* |
|---|---|

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify)*:

2. I reside at *(street address, unit No., city and ZIP code)*:

3. The address of "the premises" subject to this claim is *(address)*:

4. On *(insert date)*: [_____], the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is the court filing date on the accompanying Summons and Complaint.)*

5. I occupied the premises on the date the complaint was filed *(the date in item 4)*. I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4)*.

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4)*.

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of right to possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing of $_____ or file with the court the form "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file with the court the form for waiver of court fees within 10 days from the date of service on this form (excluding court holidays), I will not be entitled to make a claim of right to possession.

*(Continued on reverse)*

| CP10.5 [New January 1, 1991] | **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | Legal<br>Solutions<br>⊕ Plus | Code of Civil Procedure, §§ 415.46,<br>715.010, 715.020, 1174.25 |

| PLAINTIFF *(Name)*: BANK OF AME...CA (SEE ATTACHMENT) | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name)*: NAZIE AZAM; and DOES 1 to 20, inclusive | |

> **NOTICE: If you fail to file this claim, you will be evicted without further hearing.**

11. *(Response required within five days after you file this form)* I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

12. **Rental agreement.** I have *(check all that apply to you)*:
    a. [  ] an oral rental agreement with the landlord.
    b. [  ] a written rental agreement with the landlord.
    c. [  ] an oral rental agreement with a person other than the landlord.
    d. [  ] a written rental agreement with a person other than the landlord.
    e. [  ] other *(explain)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING: Perjury is a felony punishable by imprisonment in the state prison.**

Date:

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .           ▶
(TYPE OR PRINT NAME)                                  (SIGNATURE OF CLAIMANT)

> **NOTICE:** If you file this claim of right to possession, the unlawful detainer (eviction) action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

### - NOTICE TO OCCUPANTS -

**YOU MUST ACT AT ONCE if all the following are true:**
   1. You are NOT named in the accompanying Summons and Complaint.
   2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed. *(The date is the court filing date on the accompanying Summons and Complaint.)*
   3. You still occupy the premises.

*(Where to file this form)* You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the reverse of this form) at the court where the unlawful detainer (eviction) complaint was filed.

*(What will happen if you do not file this form)* If you do not complete and submit this form (and pay a filing fee or file the form for proceeding in forma pauperis if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you will be evicted without a hearing.*

| PETITIONER/PLAINTIFF: BANK OF AMERICA, NATIONAL ASSOCIATION | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: NAZIE AZAM; and DOES 1 to 20, inclusi | |

PLAINTIFF:
BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK
NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12
TRUST

Legal
Solutions
&Plus



SUM-130

SUMMONS
(CITACION JUDICIAL)
UNLAWFUL DETAINER—EVICTION
(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTER

2012 FEB 15  PM 1:42

ALAN CARLSON, CLERK

BY_____DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NAZIE AZAM; and DOES 1 to 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BANK OF AMERICA (SEE ATTACHMENT)

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: *(Número del caso):* |
|---|---|
| 1. The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA, ORANGE COUNTY 23141 MOULTON PKWY., 2ND FLOOR LAGUNA HILLS, CA 92653-1206 LAGUNA HILLS FACILITY –LIMITED CIVIL | 30-2012 00545071 |

2. The name, address, and telephone number of plaintiffs attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DESS RICHARDSON, ESQ.                                                                    (949) 759-1080
RUZICKA & WALLACE, LLP (SBN #269540)
16520 BAKE PKWY., SUITE 280
IRVINE, CA 92618

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) [X] did not [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date: *(Fecha)* FEB 15 2012         Clerk, by ALAN CARLSON, by T. Vu-Pham         , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

4. NOTICE TO THE PERSON SERVED: You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)             [ ] other *(specify):*
5. [ ] by personal delivery on *(date):*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

SUMMONS—UNLAWFUL DETAINER—EVICTION

Code of Civil Procedure §§ 412.20, 415.456, 1167

Legal Solutions Plus

| | |
|---|---|
| PLAINTIFF *(Name):* BANK OF AMERICA (SEE ATTACHMENT)<br><br>DEFENDANT *(Name):* NAZIE AZAM; and DOES 1 to 20, inclusive | CASE NUMBER: |

6. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advise for pay from an unlawful detainer assistant):*

   a. Assistant's name:

   b. Telephone no.:

   c. Street address, city, and zip:

   d. County of registration:

   e. Registration no.:

   f. Registration expires on *(date)*:

| PETITIONER/PLAINTIFF: BANK OF AMERICA, NATIONAL ASSOCIATION | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: NAZIE AZAM; and DOES 1 to 20, inclusi | |

PLAINTIFF:
BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK
NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12
TRUST

Legal
Solutions
Plus



# EXHIBIT 70

**UD-105**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO: | FOR COURT USE ONLY |
|---|---|---|
| The Law Offices of Frank Barilla<br>Frank Barilla (SBN 103282)<br>2861 Pullman Street,<br>Santa Ana, CA 92705 | 949-398-5188 | |

ATTORNEY FOR *(Name)*: Nazie Azam, Defendant

NAME OF COURT: Orange County Superior Court
STREET ADDRESS: 23141 Moulton PKWY., 2nd Floor
MAILING ADDRESS:
CITY AND ZIP CODE: Laguna Hills, CA 92653
BRANCH NAME: Laguna Hills Facility

PLAINTIFF: Bank of America, National Association

DEFENDANT: Nazie Azam and Does 1 through 20, inclusive

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
HARBOR JUSTICE CENTER
LAGUNA HILLS FACILITY

**FEB 24 2012**

ALAN CARLSON, Clerk of the Court

BY: _____,DEPUTY

CASE NUMBER:
30-2012-00545071

| ANSWER—Unlawful Detainer |
|---|

1. Defendant *(names)*:
   Nazie Azam

   answers the complaint as follows:

2. **Check ONLY ONE of the next two boxes:**
   a. ☐ Defendant generally denies each statement of the complaint. *(Do not check this box if the complaint demands more than $1,000.*
   b. ☑ Defendant admits that all of the statements of the complaint are true EXCEPT
      (1) Defendant claims the following statements of the complaint are false *(use paragraph numbers from the complaint or explain)*:
         Paragraphs 5 and 6

         ☐ Continued on Attachment 2b (1).
      (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(use paragraph numbers from the complaint or explain)*:


         ☐ Continued on Attachment 2b (2).

3. AFFIRMATIVE DEFENSES    *(NOTE: For each box checked, you must state brief facts to support it in the space provided at the top of page two (item 3j)).*
   a. ☐ *(nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.
   b. ☐ *(nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
   c. ☐ *(nonpayment of rent only)* On *(date)*:                    before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
   d. ☐ Plaintiff waived, changed, or canceled the notice to quit.
   e. ☐ Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.
   f. ☐ By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or laws of the United States or California.
   g. ☐ Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage)*:

      *(Also, briefly state the facts showing violation of the ordinance in item 3j.)*
   h. ☐ Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.
   i. ☑ Other affirmative defenses are stated in item 3j.

Page 1 of 2

Form Approved by the Judicial
Council of California
UD-105 [Rev. January 1,2007]

**ANSWER—Unlawful Detainer**

Civil Code, §1940 et seq.;
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

**UD-105**

| PLAINTIFF *(Name):*  Bank of America, National Association | CASE NUMBER. |
|---|---|
| DEFENDANT *(Name):* Nazie Azam and Does 1 through 20, inclusive | 30-2012-00545071 |

3. AFFIRMATIVE DEFENSES (cont'd)
    j. Facts supporting affirmative defenses checked above *(identify each item separately by its letter from page one):*
        Plaintiff failed to duly perfect its claim in the title.

    (1) ☐ All the facts are stated in Attachment 3j.    (2) ☐ Facts are continued in Attachment 3j.

4. OTHER STATEMENTS
    a. ☐ Defendant vacated the premises on *(date):*
    b. ☑ The fair rental value of the premises alleged in the complaint is excessive *(explain):*
        The fair market rent should not exceed $1500.00 a month or $50.00 a day.

    c. ☐ Other *(specify):*

5. DEFENDANT REQUESTS
    a. that plaintiff take nothing requested in the complaint.
    b. costs incurred in this proceeding.
    c. ☑ reasonable attorney fees.
    d. ☐ that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide
        habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.
    e. ☑ Other *(specify):*
        Such other further relief as the court deems just.

6. ☐ Number of pages attached *(specify):*

**UNLAWFUL DETAINER ASSISTANT (Business and Professions Code sections 6400- 6415)**
7. *(Must be completed in all cases)* An untawful detainer assistant ☑ did not ☐ did  for compensation give advice or
    assistance with this form. *(If defendant has received any help or advice for pay from an unlawful detainer assistant, state:*
    a. Assistant's name:          b. Telephone No.:
    c. Street address, city, and ZIP:
    d. County of registration:       e. Registration No.:    f. Expires on *(date):*

Frank Barilla (SBN 103282)
_____    ▶ _____
(TYPE OR PRINT NAME)        (SIGNATURE OF DEFENDANT OR ATTORNEY)

_____    ▶ _____
(TYPE OR PRINT NAME)        (SIGNATURE OF DEFENDANT OR ATTORNEY)

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)*

**VERIFICATION**
*(Use a different verification form if the verification is by an attorney or for a corporation or partnership. )*
I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct. Date:

Frank Barilla, Attorney for Defendant
_____    _____
(TYPE OR PRINT NAME)        (SIGNATURE OF DEFENDANT)

UD-105 [Rev. January 1, 2007]      **ANSWER—Unlawful Detainer**      Page 2 of 2

# EXHIBIT 9



02/13/2013 at 03:01:31 PM
Clerk of the Superior Court
By Pamela Bauer, Deputy Clerk

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
HARBOR JUSTICE CENTER
LAGUNA HILLS FACILITY

MAR 21 2013

ALAN CARLSON, Clerk of the Court

BY: _____ DEPUTY

1 | Dess Richardson, Esq. (State Bar Number 269540)
Richard Sontag, Esq. (State Bar Number 108652)
2 | RUZICKA & WALLACE, LLP
16520 Bake Parkway, Suite 280
3 | Irvine, CA 92618
Telephone: (949) 759-1080
4 | Facsimile: (949) 759-6813

5 | Attorneys for real party in interest, **U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,
SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS
6 | TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION
AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-
7 | AR12 TRUST**

8 | **SUPERIOR COURT OF CALIFORNIA**

9 | **COUNTY OF ORANGE, LAGUNA HILLS FACILITY-LIMITED CIVIL**

10 | BANK OF AMERICA, NATIONAL ) Case No.: 30-2012-00545071
ASSOCIATION AS SUCCESSOR BY )
11 | MERGER TO LASALLE BANK NA AS ) **[Proposed] ORDER GRANTING MOTION
TRUSTEE FOR WAMU MORTGAGE PASS- ) TO SUBSTITUTE PARTY**
12 | THROUGH CERTIFICATES SERIES 2006- )
AR12 TRUST, )
13 | )
Plaintiff, )
14 | )
vs. )
15 | )
NAZIE AZAM; and DOES 1 to 20, inclusive, )
16 | )
Defendants. ) Date: MARCH 21, 2013
17 | ) Time: 9:30 A.M.
) Dept: LH4
18 | )
19 | )

20 | The Motion of real party in interest U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,

21 | SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS

22 | TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS

23 | TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12

24 | TRUST for an order substituting into this case as the plaintiff came for hearing on March 21,

25 | 2013 at 9:30 a.m. in Department LH4 before the Honorable Corey S. Cramin, Judge Presiding.

26 | Richard S. Sontag, Esq. appeared for U.S. Bank. Nina Ringgold appeared on behalf of

27 | defendant NAZIE AZAM.

28 | ///

[Proposed] ORDER GRANTING MOTION TO SUBSTITUTE PARTY

1    After full consideration of the written and oral submissions by the parties,

2    IT IS HEREBY ORDERED that the motion is GRANTED.

3    "U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO

4    BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER

5    TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE

6    PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST" is hereby substituted in as the

7    plaintiff in this action, ~~nunc pro tunc~~ instead and in place of "BANK OF AMERICA, NATIONAL

8    ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR

9    WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR12 TRUST".

10

11    Dated: _3-21-2013_

JUDGE/COMMISSIONER OF THE SUPERIOR COURT

12                    JOHN L. FLYNN III

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] ORDER GRANTING MOTION TO SUBSTITUTE PARTY

## CERTIFICATE OF SERVICE

I hereby declare and state:

I am over the age of eighteen years, employed in the County of Los Angeles, and not a party to the within action.  On July 23, 2013 I served a true and correct copy of the following:

## NOTICE OF REMOVAL OF ACTION

On the persons or entities identified below by deposit in the United States Mail except as indicated below.

Richard Sontag, Esq.
Ruzicka & Wallace, LLP
16520 Bake Parkway, Suite 280
Irvine, CA 92618
Attorney for Plaintiffs

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed in Los Angeles on July 23, 2013.

MATT MELARAGNO

s/ Matthew Melaragno